**LAWLESS AND ALFORD, INC., and Argonaut-Southwest Insurance Company, Petitioners,**

v.

**John Henry CHISLEY and the State Industrial Court, Respondents.**

**No. 42915.**

Supreme Court of Oklahoma.

Sept. 23, 1969.

E. W. Keller, Oklahoma City, for petitioners.

J. B. Beaird, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding to review an order of the State Industrial Court, sitting en banc, affirming an award of the trial judge allowing respondent John Henry Chisley, claimant below, compensation benefits.

Parties will be referred to as they appeared before the State Industrial Court. Claimant sustained an injury to his back while employed and working for the respondent as a pipe layer on November 29.

The State Industrial Court, sitting en banc, approved an award of the trial judge allowing the claimant temporary compensation, fifteen per cent permanent partial disability to the body as a whole, and directing the payment of medical and hospital expenses.

Respondents do not contest the soundness of the portion of the award allowing the claimant temporary and permanent compensation. Their sole contention presented here for review is that the trial court erred in adjudging the respondents liable for the payment of medical and hospital expenses incurred in treating the claimant.

On the day he was injured claimant reported the accident to respondent's foreman. He remained on the job the balance of the day. He again complained to another foreman of the respondent on the following day. The foreman immediately directed the transportation of the claimant to Dr. Mat for treatment. Dr. Mat treated the claimant until the following December 9, the treatment consisting of injection of drugs and diathermy. Dr. Mat did not secure satisfactory results and referred claimant to Dr. H, an orthopedic surgeon, for further treatment.

Claimant was first examined by Dr. H on December 16, following the accident. Dr. H directed immediate hospitalization and claimant was admitted to Baptist Memorial Hospital on the same day. Dr. H reported to Dr. Mat that conservative back treatment in the hospital was indicated. Claimant was placed in traction and conservative treatment continued.

Respondents admit liability for the medical bills of Dr. Mat and Dr. H, also the hospital expenses up to December 23. They concede that such expenses were authorized by respondents.

An independent insurance adjuster representing the respondents testified he became aware of claimant being under the care of Dr. H in the Hospital on December 23; that he called the office of Dr. H. He did not talk to Dr. H but talked to his secretary and advised her that Dr. H did not have authorization to treat the claimant. He advised the secretary that he had made a prior appointment for claimant *"to be examined by"* Dr. Mar. (Emphasis ours). He further testified that he called the Baptist Memorial Hospital and advised it that the insurance carrier, Argonaut-Southwest Insurance Company, would not be responsible for the hospital bill for the claimant since it had not authorized the hospitalization; that on the same day he called the attorney then representing claimant and told him he had made arrangements for the claimant to see Dr. Mar for an examination.

Dr. H continued with his treatment of the claimant. On January 3, following the accident, he operated on the claimant removing an abnormal intervertebral disc.

At the trial respondents offered Dr. H as a witness. He testified that he did not ask the respondents for authorization to admit claimant to the hospital or perform surgery upon him. He testified that claimant has a disability of fifteen per cent to the body as a whole as the result of injuries sustained in the accident. Other medical testimony was submitted fixing the disability at various percentages but as the amount of the award is not contested it would serve no useful purpose to abstract all the medical testimony.

■ During a period of more than four weeks after respondent's foreman sent claimant to Dr. Mat for treatment, respondents made no attempt to ascertain the condition of the claimant or his need for medical treatment. During this period of

time claimant was under the daily care of Dr. Mat and Dr. H. He had been in the hospital since December 11. The investigator for the respondent on December 20, learned that the claimant was in the Baptist Memorial Hospital under the care of Dr. H. Even at this late date the investigator made no attempt to ascertain from Dr. H, or the hospital, the condition of the claimant, the type of medical treatment being furnished or his need for such treatment. Instead he attempted, without being in possession of the facts, to arbitrarily dismiss Dr. H and advised the hospital that their bill would not be paid by the respondents. He also insisted that claimant report to Dr. Mar for an examination. It is significant that the request was for the claimant to report to Dr. Mar for an examination, not for treatment. Claimant at that time was in traction and confined to his bed in the hospital. There is no evidence that respondents at any time sought to have the claimant examined in the hospital by Dr. Mar.

 An employer with knowledge of an employee's need or asserted need for corrective disc surgery, who without being relieved of his statutory duties (85 O.S. 1961, § 14) takes it upon himself to discontinue medical treatment already commenced, does so at his own peril, and if the State Industrial Court subsequently determines such medical treatment and operation were necessary is liable for the expenses of medical treatment and hospital expenses incurred by the employee in securing such medical treatment. Douglas Aircraft Company v. Titsworth, Okl., 356 P.2d 365.

Respondents do not deny that the claimant was injured. They do not deny the amount fixed by the court was proper. They offer no evidence that claimant's continuing with the treatment furnished by Dr. H, instead of reporting to Dr. Mar solely for the purpose of an examination, prejudiced their rights in any way. There is no evidence that the operation was unskillfully performed. There is no evidence that a new doctor selected by respondents could have done better. The amount and reasonableness of the doctor and hospital bills is not contested. There is no evidence that the disability of claimant could have been minimized by his being treated by a doctor other than Dr. H. There is no evidence that the material rights of the respondents have been prejudiced. Quality Materials Company v. Payne, Okl., 405 P.2d 51.

The record is free of fundamental errors and the award of the State Industrial Court is sustained by the facts developed by reasonable competent evidence. It is therefore sustained.

IRWIN, C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.