**KERR McGEE CORPORATION, Petitioner,**

**v.**

**Jimmy A. CROLEY, Respondent.**

**No. 45653.**

Supreme Court of Oklahoma.

March 20, 1973.

Francis S. Irvine, Oklahoma City, for petitioner.

Tom Heironymus, Woodward, for respondent.

DOOLIN, Justice:

This proceeding seeks to vacate an en banc order, affirming a trial judge's order awarding temporary total compensation, and ordering payment of medical expenses incurred by respondent. The only issue presented involves propriety of the order directing payment of medical expenses.

Respondent sustained a back injury July 22, 1971 while engaged in a covered employment on petitioner's drilling rig near Grants, New Mexico. Petitioner's doctor in Grants placed respondent in traction for eight days. Respondent returned home for six days and was hospitalized again for eight days before the treating doctor agreed to respondent's request for transfer home and referred respondent to a doctor in Woodward, Oklahoma. The treating doctor's report to petitioner stated there was no evidence of spinal pathology indicating a ruptured disc, or permanent disability resulting from accidental injury.

Discovering the Woodward physician to whom referred had retired, respondent telephoned petitioner's claims representative (Mynatt) and was directed to an Enid physician. This doctor's report stated an inability to demonstrate physical findings consistent with continued pain, and subsequent referral to an orthopedist, Dr. Freede, in Oklahoma City. This physician examined respondent September 1, 1971, found nothing wrong and advised respondent should return to work. Respondent did return to work for one day but was unable to continue further, due to pain. Respondent testified that, upon insisting something was wrong with his back, Mynatt advised he had been released and compensation stopped and he could take legal action or see another doctor. Respondent construed this as meaning to consult a doctor of his own choice. These matters were denied by petitioner's claims representative.

On September 18, 1971 respondent consulted Dr. Burgtorf, an orthopedic surgeon in Shattuck, Oklahoma, who diagnosed respondent's condition as acute lumbo sacral strain with nerve root irration, requiring re-hospitalization for extensive physical therapy. The doctor advised petitioner of these matters by mail and furnished a report. Mynatt immediately advised the doctor respondent had sought medical assistance without petitioner's knowledge and disclaimed financial responsibility. Respondent was hospitalized and given con-

servative treatment without improvement. Necessity for surgery was communicated to petitioner, who disclaimed again responsibility. While hospitalized respondent called and advised Mynatt of the need for surgery and was told to come to Oklahoma City for examination by Dr. Freede, who could perform any necessary surgery.

Respondent underwent an operation for herniated disc, recovered, and was discharged for return to work on December 13, 1971 with evaluated 20% permanent partial disability. The treating doctor furnished respondent with all medical reports.

Petitioner's medical evidence was to the effect respondent's condition resulted from congenital abnormality of the lower spine non-connected with injury and without evidence of herniated disc. Any accidental injury resulted only in lumbo sacral strain without any residual effect, and respondent was able to work when discharged September 1, 1971. Petitioner's doctor (Freede) examined respondent December 10, 1971, observed that a low back operation had been performed, was unable to observe any change in respondent's back since original examination, and was of the opinion respondent suffered no permanent disability as a result of the injury.

Petitioner contends the court erred in awarding medical expenses incurred by respondent, since medical bills submitted were unauthorized because respondent was not treated by a physician selected by petitioner. It is urged this order conflicts with and is not supported by the evidence, since petitioner established selection of a physician to treat respondent, repeatedly requested respondent's return for treatment, and at no time implied respondent could secure his own doctor. Further, after seeking other medical treatment without consulting petitioner, respondent did not request petitioner's permission for hospitalization and payment of medical bills.

To support this argument petitioner cites Royal Crown Cola Co. v. Hinesly, Okl., 403 P.2d 479; Quality Materials v. Payne, Okl., 405 P.2d 51, as stating controlling principles. In Hinesly we stated the right to select a treating physician is available to the employer, and only where the employer reasonably implies a claimant may select his own physician, or in cases of emergency, is an injured employee free to seek a doctor of his own choice. The rule was restated in the Payne case.

Petitioner points to evidence showing selection of a treating doctor, absence of implication that respondent might select a physician, and that respondent's surgery was not precipitated by any emergency. Pointing out that none of the enumerated exceptions are present, petitioner concludes the order must be vacated because petitioner cannot be liable for unauthorized medical expenses.

■ We do not determine this case upon the ground of reasonably implied permission. We do note, however, following treatment by a doctor selected by petitioner, respondent was referred to another doctor who no longer practiced, but was examined by an associate. Petitioner then sent respondent to a third physician who, upon finding no reasons for respondent's persistent pain, referred respondent to an orthopedist. After x-rays and physical examination this specialist reported respondent was suffering only from a lumbo sacral sprain, from which temporary disability had ended and respondent was able to return to work. After treatment by one doctor, and examination by three other doctors of petitioner's selection respondent still was suffering physically, unable to work, and half-way across the state from the physician last selected by petitioner.

The argument that respondent sought other medical treatment without requesting petitioner's permission is unpersuasive. This issue was considered in Douglas Aircraft Co. v. Titsworth, Okl., 356 P.2d 365. There the claimant's need for surgery was known and employer given opportunity to provide medical attention, but responsibility was denied in reliance on contrary opinion of company physicians. We pointed out

the employer had assumed consequences of such refusal and stated at page 367:

" . . . even in the absence of a prior specific request or demand, the employer may not escape liability for medical attention procured by an injured workman during the period of employer's failure to furnish treatment, if the employer had knowledge of the workman's need in this regard, and the State Industrial Court found from competent evidence that the medical expenses incurred were necessary and otherwise properly allowable."

 In Mattingly v. State Industrial Court, Okl., 382 P.2d 125, we point out the statutory duty (85 O.S.1961 § 14) imposed upon the employer to provide medical treatment is mandatory, the purpose being to secure effective cure in order to restore the employee to the highest attainable degree of capacity. The statute does not require, upon an employer's failure or neglect of the mandatory duty, that the injured employee obtain approval of the court before securing necessary treatment from a physician of his own selection. If self-procured services were rendered during a period of employer's refusal or neglect to provide, *or while the employer was not furnishing proper or adequate medical care,* and the services reasonably were necessary to effect a cure the employer is liable for expenses incurred.

The factual situation involved herein is similar to, but more extreme than the situation disclosed in Lawless and Alford, Inc. v. Chisley, Okl., 460 P.2d 431, wherein we stated:

"An employer with knowledge of an employee's need or asserted need for corrective disc surgery, who without being relieved of his statutory duties (85 O.S.1961 § 14) takes it upon himself to discontinue medical treatment already commenced, does so at his own peril, and if the State Industrial Court subsequently determines such medical treatment and operation were necessary is liable for the expenses of medical treatment and hospital expenses incurred by the employee in securing such medical treatment. Douglas Aircraft Company v. Titsworth, Okl., 356 P.2d 365."

As in Chisley, supra, petitioner does not deny respondent's injury or that the amount of medical expenses allowed was proper. Neither was there evidence that respondent's consultation and ensuing treatment by Dr. Burgtorff, rather than leaving the hospital and reporting back to Dr. Freede for further examination and performance of any needed operation prejudiced petitioner in any manner. There was no evidence the operation was not skillfully performed, that another physician could have done better, or that respondent's disability would have been minimized by treatment from petitioner's physician. The medical expenses allowed were incurred during a period when petitioner was refusing to provide necessary treatment. Petitioner disclaimed responsibility for such treatment at its own risk.

Award sustained.

All of the Justices concur.