Orva Lee **MAYBERRY**, Petitioner,

v.

**WALKER'S MASONRY, and Employers Casualty Corporation, Respondents.**

No. 47792.

Supreme Court of Oklahoma.

Nov. 4, 1975.

**511**

Don L. Dees, Tulsa, for petitioner.

Gerard K. Donovan, Tulsa, for respondents.

DOOLIN, Justice.

The issue for review involves construction and application of 85 O.S. § 14 (Supp.1974) amending 85 O.S.1971 § 14 in relation to the provision which allows an injured employee to select his own doctor. The question arises from circumstances hereafter summarized.

Petitioner, hereafter the claimant, received a back injury February 21, 1974, while pulling a brick-laden dolly. Claimant continued working until February 27, 1974 when complaint was made to the employer, who sent claimant to Glass-Nelson Clinic for treatment. Examination was negative, and claimant was given conservative treatment by medication, bedrest and physiotherapy. The treating doctors reported no disability resulted from injury.

Claim for compensation was filed March 6, 1974 and respondents answered by general denial on March 11, 1974. No temporary compensation was paid until April 3, 1974. Claimant testified he was in pain and did not feel the clinic physician was helpful. On March 12, 1974, he went to Dr. A. S. with complaints of low back and right leg pain. This physician considered claimant was magnifying symptoms and discussed the case with doctors at Glass-Nelson clinic. Further diagnostic studies to clarify the situation were suggested and respondents were advised of planned hospitalization. Respondents immediately advised claimant and Dr. A. S., that treatment already was being provided and denied responsibility for further medical treatment.

Claimant was hospitalized March 14, 1974, diagnostic studies made and a myelogram performed with negative results. Treatment was administered by long leg traction and physiotherapy. The doctor testified such treatment was necessary and charges were reasonable. When released (March 21, 1974) claimant was reported to have 8% permanent partial disability to body as a whole, with temporary total disability extending to May 4, 1974. Following release by Dr. A. S., claimant returned to Glass-Nelson Clinic for re-examination on two occasions, but testified no examination or treatment was conducted.

Upon hearing (June 6, 1974) claimant submitted medical bills for hospitalization, radiology and physicians' charges. Respondents objected to these items upon grounds same were not reasonable, authorized, or necessary, since respondents had offered to provide medical treatment.

Deposition testimony of Dr. A. S. was corroborative of claims and established reasonableness and necessity for costs of treatment. Claimant also introduced deposition testimony of Dr. P. N. A., reporting claimant had suffered 20% permanent partial disability to body as a whole from accidental injury.

The trial judge awarded compensation for 8% permanent partial disability and ordered payment of medical expenses incurred as reasonable and necessary. On en banc appeal State Industrial Court modified this order, awarding compensation for 12% permanent partial disability, and denying payment of medical bills, as not being authorized or necessary. The order was affirmed as modified by divided vote, with two judges dissenting on the specific ground that the statute, supra, extended claimant a positive right to select his own physician.

Claimant initiated this proceeding to review correctness of the en banc order, denying claim for medical expenses incurred by claimant's selecting his own physician. Vacation of this portion of the order is sought upon two grounds. We are of the opinion, however, determination of meaning and intention of the statute, supra, is dispositive of the questions presented.

The amended statute, in substance, still requires the employer to provide prompt medical attention, and permits an injured employee to secure medical attention upon an employer's failure to provide same, or to obtain emergency treatment at an employer's expense. If further provides:

"* * * Notwithstanding any other provision of this section, the employee may select a physician of his choice to render necessary medical treatment, at the expense of the employer; provided, however, that the attending physician so selected by the employee shall notify the employer and/or the insurance carrier within a reasonable time not to exceed seven (7) days after examination or treatment was first rendered."

Claimant asserts this provision grants an injured workman an unconditional right to select his own physician, limited only by a requirement that the employer, or insurer, be notified thereof within seven days from first examination or treatment. This requirement was met by Dr. A. S.'s letter to the insurer.

■ The questioned order found medical expenses incurred by claimant were neither authorized nor necessary. In respect to whether expenses were "necessary", the only evidence relating to this matter was the uncontroverted testimony of Dr. A. S. that this care and treatment was a necessary result of claimant's injury. Whether medical treatment is necessary for an injured workman is a question of fact for determination of State Industrial Court. *Douglas Aircraft Co. v. Titsworth* (Okl.) 356 P.2d 365. The finding that medical treatment extended claimant was unnecessary is not supported by any competent evidence. A finding of fact which is contrary to all evidence produced will not be sustained on review. *Jake's Casing Crews v. Grant*, 451 P.2d 700 (Okl.1969).

The real issue then becomes a question of correctness of State Industrial Court adjudication denying claim for self-procured medical treatment because "unauthorized" by respondent.

In support of this order respondents offer analysis of § 14 in respect to alternatives under which medical treatment may be provided, and point to the following:

"* * * The Court shall have authority on application of the employee or employer or its insurance carrier to order a change of physicians * * * when, in its judgment, such change is desirable or necessary. * *"

Respondents argue this is not a case "contemplated by the legislature in the additional rights granted claimant by the revision of Section 14 in 1973 in which under the aforementioned circumstances the claimant could select his own doctor." They feel this claim properly was deter-

mined under earlier decisions, which denied recovery where a claimant unreasonably refused to continue treatment provided by an employer. *Chicago Bridge & Iron Co. v. Sabin,* 105 Okl. 62, 231 P. 851 (1924); *Aetna Life Ins. Co. v. Watts,* 148 Okl. 28, 296 P. 977 (1931).

Neither decision is applicable to the present inquiry. The Sabin case involved an injured claimant who was denied compensation for increased disability, which resulted from unreasonable refusal to accept *any* medical treatment. The unreasonable refusal, upon which that decision was based, does not support respondents' argument that claimant's refusal to continue treatment provided, was so unreasonable as to preclude recovery of medical expense incurred.

The Watts case involved a common law action for damages for injuries resulting from aggravation of compensable injury due to negligence of the employers' agents and treating physician. Each of these cases was decided under prior law which held an employer discharged his entire duty when medical treatment had been furnished, and an employee was bound to accept that treatment, or bear expenses for his own treatment.

As recently as *Richey v. Commander Mills, Inc.,* 521 P.2d 805 (Okl.1974) we pointed out § 14 extended an employer both a duty and a right to select a treating physician. That decision was announced prior to amendment of § 14, supra. After amendment the statute still placed obligation upon the employer to furnish medical treatment but provided further; attending physician supply both employer and employee with full report of examination for injuries within 7 days; an employer's selected physician could examine the employee, but also must provide the employee with report of examination within 7 days.

An employee still is allowed to secure treatment at an employer's expense where there is failure to provide treatment, or where emergency exists. However, the amendment then provides, without regard to any other provision, that an employee has a positive right to select a physician of his own choice at the employer's expense. The only limitation upon this right requires the attending physician to notify the employer, or insurance carrier, of the fact within 7 days after examination or treatment.

Prior to amendment, § 14 provided three recognizable grounds upon which an employer was responsible for medical expense, viz; where procured by the employer; when secured by employee by reason of employer's neglect or failure to provide; where emergency treatment was necessary. Other decisional law recognized a further basis for employer's financial responsibility —that of an employer's implied consent for employee to select his own doctor. See *Royal Crown Cola Co. v. Hinesly,* 403 P.2d 479 (Okl.1965). When an employer furnished treatment, a claimant could not recover for self-procured medical expense except where consent was implied, emergency treatment was necessary, or when authorized by State Industrial Court upon application made, or ordered upon the court's own motion. See *Kerr-McGee Corp. v. Croley,* 508 P.2d 1066 (Okl.1973).

Under respondents' interpretation as to meaning and intent expressed in § 14, a claimant's expressed right to select his own physician still is limited to two grounds: (1) employer's failure to provide medical attention; (2) where need for emergency treatment arises. In all other instances a claimant would be liable for expense of self-procured treatment, unless change of physician initially is ordered by State Industrial Court. This construction simply would mean that by offering medical treatment following injury an employer could abrogate the claimant's statutory right to select a physician and, at the same time, make the employee financially responsible unless State Industrial Court ordered a change of treating doctors.

 Respondents' contention would render the quoted provision invalid and ineffective. Settled principles of legislative construction require statutes to be interpreted in a manner which renders every word and sentence operative, rather than adopting a construction which negates specific statutory provision. *Olim v. Mayberry,* 524 P.2d 24 (Okl.1974). To construe and apply § 14 in the manner urged by respondents would destroy legislative intent, clearly expressed by the proviso quoted above. This language explicitly declares an employee is entitled to select his own physician, without regard to any other provision in the statute. Respondents' construction would render this proviso nugatory and of no effect. No such result was intended by the Legislature.

 A further argument alludes to the fact the order reviewed denied medical expenses, but increased the award for permanent partial disability by the amount necessary to pay these expenses, and asserts claimant cannot complain of disallowance, inasmuch as the court took care of claimant in an authorized manner. We notice this only to point out disability within meaning of § 22 concerns disability to perform ordinary manual labor, and permanent partial disability is a percentage allowance of the body as a whole for that disability. *J. E. Trigg Drilling Co. v. Daniels,* 193 Okl. 644, 145 P.2d 944 (1943). Under § 14 of the Act, necessary expenses for medical attention incurred as a result of accidental injury in covered employment, are the employer's obligation. The fact no compensation is awarded an injured claimant does not deprive that court of jurisdiction to allow claim for medical expenses. *Twin State Oil Co. v. Dodgion,* 144 Okl. 100, 289 P. 779 (1930). Except that both are the result of accidental compensable injury, there is no relationship between award of compensation and the amount which is allowed, or disallowed, for medical expenses incurred as a result of injury.

The order denying claim for medical expenses is vacated, and the cause remanded with directions to hear and determine reasonableness of medical claims.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER, BARNES and SIMMS, JJ., concur.

BERRY, J., dissents.