CITY OF TULSA, Oklahoma, Petitioner,

v.

The STATE INDUSTRIAL COURT and Franklin Clark, Respondents.

No. 51744.

Court of Appeals of Oklahoma, Division No. 1.

March 27, 1979.

Rehearing Denied April 24, 1979.

Certiorari Denied June 4, 1979.

Released for Publication by Order of Court of Appeals June 7, 1979.

Waldo F. Bales, City Atty., by David L. Pauling, Asst. City Atty., Tulsa, for petitioner.

James E. Frasier, Tulsa, for respondent.

ROMANG, Presiding Judge:

Reference will be made to the parties as claimant and respondent as they appeared in the trial court.

On May 11, 1977, pursuant to previous assignment, hearing was had on the ques-

tion of the extent of claimant's permanent disability. On June 6, 1977, an Order was entered finding that claimant had total permanent disability and awarding compensation accordingly. On appeal to the Industrial Court en banc, this award was affirmed.

Respondent, City of Tulsa, an own risk carrier, brings this original proceeding for review, and asserts in its brief as follows:

The facts and circumstances of the Claimant's injuries are not disputed and the only dispute presented for the Court's consideration concerns the Industrial Court's absolute bar against the submission of any medical evidence on behalf of the Petitioner.

■ Respondent's first proposition reads: Title 12 O.S., 1971, Section 425, is in direct conflict with 85 O.S., 1971, Section 14, as amended Laws 1973, c. 77, Section 1, and the Rules of the State Industrial Court promulgated in 1966 pursuant to 85 O.S., 1971, Section 77; as the most recent expression of legislative intent, 85 O.S., Section 14, governs the discovery of medical reports in Workmen's Compensation proceedings.

According to claimant's Form 3, filed January 20, 1976, the date of accident was December 17, 1974; the cause was claimant's slipping off a ladder and falling about 18 feet and thereby injuring his back.

Claimant went to Dr. V, a doctor of his own selection, for treatment, and at a latter time Dr. V performed surgery on claimant's back. Dr. V mailed a medical report to the respondent on March 7, 1975, and sent a second medical report to the respondent on November 23, 1976. Dr. V did not furnish copies of his reports to claimant. Over a period of six months, from January 22, 1976 to July 20, 1976, claimant's counsel sent five different letters to respondent's attorney requesting copies of Dr. V's medical reports, but no response was made to said requests.

On May 4, 1977, just seven days before the scheduled hearing date of this case on its merits, claimant's counsel received through the mail from respondent's attorney, copies of the medical reports of Dr. V, which constituted all of the medical evidence that respondent intended to use at the hearing. By certified mail, dated May 4, 1977, claimant's counsel objected to the use of Dr. V's medical reports. As a result of that objection, respondent gave notice that the deposition of Dr. V would be taken by it on May 12, 1977.

At the hearing, on May 11, 1977, both parties presented pretrial applications to the trial judge. Claimant's application requested the trial judge to make an order barring any medical reports and/or any testimony of Dr. V. This request was based upon the provisions of 12 O.S.1971, § 425. Respondent opposed the exclusion of medical evidence from Dr. V on the ground that under Rule 12 of the Industrial Court, it only had to file its medical reports with the Court five (5) days prior to trial, with certification that a copy had been mailed to claimant.

In upholding claimant's request for exclusion of respondent's medical evidence, the trial court commented in significant part as follows:

THE COURT: A November medical report was mailed in May 3rd. Do you believe that to be furnishing medical communication promptly?

MR. WOOD: I believe that to be in compliance with the rules of the State Industrial Court.

THE COURT: I may be mistaken, but I think that's in the statute.

MR. WOOD: Furthermore, they have not shown any prejudice by this, by receiving the medical reports on May 3rd, or May 4th.

THE COURT: I think there is considerable prejudice if he can't get any medical information, as old as this case is.

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: I think the statutes requires you to provide medical information much in advance of that. The rule that you are discussing goes to the final medical rating. It's not that you wait until five days before trial to furnish all the

medical information to them. How can they be ready in five days?

\* \* \* \* \* \*

When we implemented the new Rule 12 under which the 5-day rule on submitting medical to the State Industrial Court by the respondent five days before trial and then allowing a deposition of a doctor after the trial, it was contemplated that if the case was rushed to trial that we would deny the respondent the right of— or the claimant of its right to cross examination, and the right of taking deposition lies with the claimant.

But that was—what we contemplated was cases that would be rushed to trial in a matter of weeks rather than a matter of months or years. I've got to read Rule 12 along with the Section 425 to make a ruling in this case.

\* \* \* \* \* \*

However, Dr. Vosburgh's reports were not conveyed to Mr. Frasier until [seven] days before trial. That is some six or seven months ago that the reports were obtained or were available, and I don't believe that meets the reasonable period of time requirement in Section 425.

I don't believe I have any other alternative then but to state that Dr. Vosburgh's medical reports of March 7, 1975 and November 23, 1976 are not admissible into evidence.

The Court further finds that because of the delay in time the testimony of Dr. Vosburgh would not be taken by this Court nor admitted into this Court at trial because it would allow the respondent to do indirectly what I have ruled they cannot do directly.

Thus, all of respondent's medical evidence was excluded, and that forms the basis of this appeal.

We find no validity in respondent's argument that there are substantial conflicts in 12 O.S.1971, § 425 and 85 O.S.Supp.1973, § 14. The said § 425 deals with the furnishing of medical reports, while the said § 14 has as its primary purpose the furnishing of needed medical attention. In § 425, the Oklahoma Legislature has said that if an examinee, or his attorney, is not furnished a copy of his medical report "before or simultaneously with the transmission of such . . . to any other person, . . . the trial court shall enter its order to exclude all or any part of the testimony of such practitioner, or make such other order as justice requires." The fact that the word "shall" is mandatory is too well settled to require citation of authority.

Respondent further argues that because said § 425 was not enacted until 1965, and said § 14 was last amended in 1973, the latter is controlling. The fallacy of such argument is revealed by the fact that said § 14 was first enacted in 1915, which was fifty years before § 425 was enacted, and that § 14 is as it was in 1965, except the 1973 amendment gives the injured worker the right to select his own doctor for treatment provided the doctor furnishes the employer a report in seven days. This, plus the lack of conflict between the sections, shows respondent's arguments to be without foundation.

■ Respondent's second proposition of error, reads:

Arguing in the alternative, if 12 O.S.1971, Section 425 is generally applicable to the discovery of Workmen's Compensation medical reports, it is not applicable to the facts of the case at bar; Section 425 applies only to the discovery of the medical reports of the employer's selected physician and it does not apply to the discovery of medical reports from the employee's personally selected treating physician.

Respondent contends that because claimant selected Dr. V as his treating doctor, that although Dr. V furnished medical reports to respondent, the claimant is not entitled to copies of those reports as provided by said § 425. This is indeed a novel argument, which would permit the circumventing of § 425 when a treating doctor of the employee's selection, decides to furnish reports only to the employer, who adopts such treating doctor as its evaluation doctor for the purpose of the hearing. Such a

construction would obviously destroy the intent and purpose of said § 425. Our Supreme Court does not look with favor upon narrow statutory interpretations. *Mayberry v. Walker's Masonry,* Okl., 542 P.2d 510.

We hold respondent's second proposition to be without merit.

 Respondent's final proposition reads: Arguing in the alternative, if 12 O.S.1971, Section 425 is applicable to Workmen's Compensation medical reports under the facts of the case at bar, it was an abuse of the trial court's discretion to punitively impose its evidentiary sanctions to totally bar consideration of all medical evidence offered on behalf of the respondent; the claimant made no claim or showing of prejudice resulting from the respondent's noncompliance with Section 425, and the respondent's medical evidence was offered in full compliance with all procedural rules of the Industrial Court.

In *Yuba Heat Transfer v. Wilson,* Okl., 565 P.2d 674, our Supreme Court held that the State Industrial Court properly excluded respondent's offered medical reports because they had not been filed with the court. There, the respondent had timely mailed copies of the medical reports to claimant's counsel, and a copy of the transmittal letter had been filed with the Industrial Court. In the opinion, the Oklahoma Supreme Court said:

> As we have seen, Rule 12 requires that the respondent(s) "shall file his medical report with the Court five (5) days prior to trial, with certification that a copy has been mailed to the claimant." There are valid reasons for instituting such a rule. It will tend to discourage dilatory parties from unjustly prolonging litigation with attendant financial disadvantage sometimes to impecunious, unemployed workmen.

Here, the trial judge found that the claimant was prejudiced by respondent not furnishing copies of Dr. V's medical reports until seven days before trial. We think that finding is well founded, and since respondent was acting in deliberate violation of 12 O.S.1971, § 425, we find no abuse of discretion on the part of the trial court in applying the penalty provisions of that statute.

AWARD SUSTAINED.

REYNOLDS, J., concurring.