Darla B. IWUNOH,
Claimant-respondent,

v.

MAREMONT CORPORATION,
Employer-petitioner,

Own Risk, Insurance Carrier.

No. 59417.

Supreme Court of Oklahoma.

March 13, 1984.

Rehearing Denied Jan. 7, 1985.

William Dodson, Manners, Lawter, Abney, Pitts & Chestnut, Walter Jenny, Jr., Lawter & Pitts, Oklahoma City, for claimant-respondent.

Paul Alan Whinery, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for employer-petitioner.

OPALA, Justice:

The issue presented on certiorari is whether reasonable expenses of claimant's self-procured medical treatment, found to be necessary, were legally chargeable to the employer even though the services of the physician had been rendered without prior court or employer approval. We answer in the affirmative.

The claimant suffered a back injury while employed at the petitioner's [employer's] workplace. The trial tribunal found she had sustained permanent and partial disability. At a later hearing on medical expenses, the employer was directed to pay for necessary treatment by the claimant's third physician. The order was affirmed by a review panel. The Court of Appeals

vacated the order and disallowed the expenses, resting its decision on our pronouncement in *Burns v. Southwestern Preferred Properties*.[1] On claimant's petition for certiorari, we now hold that *Burns* was improperly viewed as a barrier to the award here under review.

The employer contends the medical treatment was not chargeable to the employer *ex lege* because claimant had changed physicians without *prior* court approval. The claimant seeks to justify the award in contest as emergency treatment for which the employer is liable in the absence of anterior authorization.[2]

■ Factual findings in a compensation proceeding are reviewed by ascertaining if there is *any* competent evidence reasonably tending to support them.[3] It is not the province of the appellate court to weigh the evidence or to determine where the preponderance lies. Factual determinations are binding if supported by any competent evidence. Any evidence in the record on the basis of which the trier could have reached a contrary conclusion is immaterial upon the review of findings in a worker compensation case.[4]

The contested medical expenses were for services rendered by Dr. M. The claimant was initially treated at a clinic by an emergency room physician. She was then treated by Dr. R. at the clinic for a period of three to four weeks, during which time she received no physical therapy for her back injury, but a "normal examination" and medication which the claimant was unable to take. She next went to her lawyer's personal physician, Dr. C, who treated her and then released her after three weeks. Because she had started going to Dr. C, she canceled an appointment with the doctor listed on her claim form. The month following her treatment by Dr. C, the claimant, on her own initiative, went to a chiropractor, Dr. M, to get relief from recurring pain and discomfort. Dr. M's treatment covered a seventeen-day period and consisted of ultra sound therapy, adjustments to the back region and diet supplements. At the hearing, approximately six months later, the claimant still complained of pain in her back, numbness on her side and problems with her right leg giving out.

■ The question of whether medical treatment is necessary for an injured worker is a question of fact for determination by the trial tribunal.[5] Even though the trial tribunal *did not* expressly state upon what legal theory the medical expenses were allowed, its action rests on competent proof and is not unauthorized by law.

In the proceeding under review there was no dispute between the parties as to the amount of the charges made for the claimant's self-procured treatment nor as to its medical necessity. The *real issue* below and here has been the correctness of the trial tribunal's adjudication which allows a claim in favor of one who has changed physicians without prior approval. In support of its argument, the employer points to the following portion of § 14:

"* * * *The Court shall have authority on application of employee or employer or its insurance carrier to order a change of physicians at the expense of the employer when, in its judgment, such change is desirable or necessary ...*" [emphasis ours]

The employer argues that the claimant's right to select another physician is restrict-

---

**1.** Okl., 580 P.2d 986 [1978].

**2.** The terms of 85 O.S. 1981 § 14 provide in pertinent part: "* * * the injured employee ... may obtain emergency treatment at the expense of the employer where such emergency treatment is not provided by the employer. * * *"
See also *Womack v. Boston Fisheries*, Okl., 527 P.2d 1368, 1371 [1974]; *Tulsa Linen Service Co. v. Kroth*, Okl., 512 P.2d 172, 175 [1973].

**3.** *ONG v. Williams*, Okl., 639 P.2d 1222, 1225 [1981]; *Takagi v. Wilson Foods Corporation*, Okl., 662 P.2d 308, 309 [1983].

**4.** *Matter of Death of Sade*, Okl., 649 P.2d 538, 540 [1982].

**5.** *Douglas Aircraft Co. v. Titsworth*, Okl., 356 P.2d 365, 367 [1960]; *Mayberry v. Walker's Masonry*, Okl., 542 P.2d 510, 512 [1975].

ed because the doctor who first treated the claimant may not be replaced *unless* advance approval has been given either by the trial tribunal or by the employer. This rationale, the employer asserts, is supported by our pronouncement in *Burns.*

*Burns* is clearly distinguishable on the facts and is hence not apposite to the present case. There, neither the claimant nor the treating physician gave *any notice* to the employer that the claimant, on his own, had selected another physician to provide further treatment. The medical expenses were disallowed because of noncompliance with the statutory prerequisites. This is not the case here. The record shows that the employer received the necessary notice within a reasonable time after treatment had been commenced. The claimant in the case at bar hence met the § 14 notice command.

■ We do not construe § 14 to be as restrictive as it is urged upon us. The employer's interpretation of that section fails to consider other important provisions within it:

" * * * *Notwithstanding any other provision of this section, the employee may select a physician of his choice to render necessary medical treatment, at the expense of the employer;* provided, however, that the attending physician so selected by the employee shall notify the employer and/or the insurance carrier within a reasonable time after examination or treatment was first rendered. * * * "[emphasis ours]

The quoted language means that an employee has an absolute right to select a physician of his own choice at the employer's expense when the requisite notice has been given within a reasonable time after examination or treatment.[6] Whether the self-procured treatment was necessary al-

ways presents an issue for the trier of fact. Construing together the cited provisions of § 14, we conclude that retroactive approval of a change of physicians is clearly within the scope of authority conferred by the legislature upon the Workers' Compensation Court. To hold otherwise would unduly, and without any textual warrant, restrict the powers granted to that tribunal by statute. The primary goal of the compensation law is to rehabilitate injured workers in order that they may be promptly restored to full productive capacity or, if that be impossible, to its highest attainable level.[7] Medical treatment is the key to seasonable and effective recovery and rehabilitation. Compensation for disability is allowable by the act *only for those* whose capacity cannot be restored. Absent some explicit legislative language, we are not free to abridge the trial tribunal's power to achieve the most important objective of the act—that of restoring, as far as possible, the injured worker's body to its pre-accident condition.

Because (a) there is competent evidentiary basis for the order finding that the expenses allowed were reasonable and necessary and (b) the trial tribunal's power to authorize medical services is not limited by the terms of § 14 to *advance, pre-treatment approval* of a health care provider's contemplated replacement, the Court of Appeals' opinion is vacated and the order of the Workers' Compensation Court reinstated.

HODGES, LAVENDER, HARGRAVE and WILSON, JJ., concur.

BARNES, C.J., and SIMMS, V.C.J., dissent.

BARNES, Chief Justice, dissenting:

The majority finds meritorious the claimant's allegation that an emergency existed

---

6. *Mayberry v. Walker's Masonry,* supra note 5. When *Mayberry* was decided, the terms of 85 O.S.Supp. 1973 § 14 provided that notice must be given within seven days after treatment. The present version of § 14, amended in 1977, effective July 1, 1978, provides that notice must be given "within a reasonable time after examination or treatment".

7. *McMurtry Bros. v. Angelo,* 139 Okl. 236, 281 P. 964, 965 [1929]; *Mattingly v. State Industrial Court,* Okl., 382 P.2d 125, 128 [1963]; *Kerr McGee Corporation v. Croley,* Okl., 508 P.2d 1066, 1069 [1973].

at the time she sought medical treatment from Dr. M. Neither party presented any evidence of such emergency, nor did the court address the issue in its findings, and I therefore dissent to the portion of the opinion which supports an allegation raised for the first time on appeal.

I also dissent from the finding that 85 O.S. 1981 § 14 permits retroactive approval of a change in physician after the claimant has exercised her initial unqualified right to choose a doctor. I find *Burns v. Southwestern Preferred Properties*, 580 P.2d 986 (Okl.1978) indistinguishable and dispositive with respect to the proper construction of 85 O.S. 1981 § 14.

The following two sentences in § 14 present the problem here at issue:

Notwithstanding any other provision of this section the employee may select a physician of his choice to render necessary medical treatment, at the expense of the employer, provided, however, that the attending physician so selected by the employee shall notify the employer and/or the insurance carrier within a reasonable time after examination or treatment was first rendered ... [hereinafter referred to as sentence one]. The Court shall have authority on application of employee or employer or the insurance carrier to order a change of physicians at the expense of the employer when, in its judgment, such change is desirable or necessary. [hereinafter sentence two].

Since these two sentences appear to contradict one another, the question becomes one of construing these provisions to render each meaningful without obviating the other. Does sentence one override all other language for all purposes, or does sentence two limit a claimant's right to choose an attending physician, without first making application to the court, to the claimant's *initial* choice of physician?

If sentence one controls by virtue of the phrase "[n]otwithstanding any other provision ...", then the claimant may at any time select a physician at the employer's expense as long as the treatment is necessary and the employer receives reasonable notice. Sentence two becomes meaningless when subjected to this construction.

This court considered both of these statutory provisions in *Burns v. Southwestern Preferred Properties*, 580 P.2d 986 (Okl. 1978). In *Burns*, the claimant desired to return to his initial treating physician after having undergone treatment by a second doctor, and did so without making application to the Workers' Compensation Court. The court recognized the claimant's right to be treated by this physician in the future, but disallowed expenses incurred without authorization of the court and proper notice.

In reconciling the two troublesome sentences cited previously, the *Burns* court interpreted sentence two as a mandatory condition which requires claimants to apply to the Workers' Compensation Court in order to change physicians after receiving treatment from a doctor of their choice. The court construed both sentences and ruled that it did "not believe § 14 as amended [1] has eliminated the *obligation* of claimant to make application to the industrial court to change physicians. If we would allow a claimant carte blanche in replacing a physician, it could encourage 'doctor shopping' at the expense of the employer and insurance carrier." *Burns* at 989. (emphasis added).

Under *Burns* then, a claimant has an unqualified right to make the *initial* choice of treating physician. Once the employee exercises that right, future treatment by self-procured physicians may be allowable if the court on application orders a change of physician. The facts here at issue clearly indicate that Ms. Iwunoh exercised her initial right to elect a treating physician when she underwent treatment by Dr. C. on advice of counsel.

According to this interpretation of § 14, and since she failed to apply to the court to change physicians, Ms. Iwunoh must invoke the emergency provisions of the stat-

1. This amendment altered the notice period re- quired from seven days to reasonable notice.

ute in order for liability for self-procured medical treatment to rest with her employer. Section fourteen provides that "the injured employee, or another in his behalf, may obtain emergency treatment at the expense of the employer where such emergency treatment is not provided by the employer." 85 O.S. 1981 § 14.

Claimant indeed urges the emergency exception arguing that the pain from her injury became so intense that she required immediate attention. However, she adduced no evidence at either hearing represented in the present record on appeal to support finding of emergency, and the Workers' Compensation Court made no finding that an emergency existed. While it is true that under § 14, "neither notice nor request is required", the question of "[w]hether an emergency existed is [one] of fact for the State Industrial Court." *Womack v. Boston Fisheries*, 527 P.2d 1368, 1371 (Okl.1974).

The order of the Workers' Compensation Court entered July 27, 1982 reflects only that claimant filed a Form 19 requesting payment of medical expenses to Dr. M., and that "the charges of $426.00 are reasonable and based on the rates prevailing in the community and the services rendered were necessary for the proper medical care of Darla B. Iwunoh." These findings, which were affirmed by the court en banc, are insufficient to support a finding of emergency on appeal.

This Court is firmly committed to the rule that the Industrial Court is required to make specific findings of the ultimate facts responsive to the issues as well as conclusions of law upon which an order is made granting or denying an award to a claimant, and they should be sufficiently definite to enable this Court to pass intelligently upon the correctness or incorrectness of such orders based upon the facts. Where the findings of fact and conclusions of law of the Industrial Court are too indefinite and uncertain for judicial interpretion, this Court, on review, will vacate the order for further proceedings. *Gleason v. State Industrial Court*, 413 P.2d 536, 538 (Okl.1966).

Unless *Burns* is overruled, I find that it controls in this case. Therefore, the only means of imposing liability on the employer for Ms. Iwunoh's self-procured medical expenses is through the emergency provision of § 14. Since the findings of the Workers' Compensation Court as manifested in its orders provide insufficient information upon which to render an appellate decision on this issue, I would vacate the orders of both the Workers' Compensation Court and the Court of Appeals and remand for proceedings to determine if Ms. Iwunoh's medical needs throughout the four week period during which she received treatment from Dr. M. constituted an emergency. I therefore respectfully dissent.

I am authorized to state that Vice Chief Justice SIMMS joins me in this dissent.