**WESTERN SIZZLIN' and Liberty Mutual Insurance Company, Petitioners,**

v.

**Armenda KELLY and the Workers' Compensation Court, Respondents.**

**No. 71597.**

Court of Appeals of Oklahoma, Division No. 1.

May 30, 1989.

Paul V. McGivern, Jr., Tulsa, for petitioners.

Gary Eaton, Tulsa, for respondents.

## MEMORANDUM OPINION

HANSEN, Judge:

Claimant, respondent herein, filed an action for workers' compensation benefits alleging injury to her tailbone. Through a settlement agreement, the court found Claimant sustained a 10 percent permanent partial disability to the body as a whole. As a part of the settlement, the parties agreed that in the event a change of condition occurred, then the settlement order could be reopened and reviewed as provided by law.

About 18 weeks later, Claimant filed a motion to reopen alleging she had sustained a change of condition for the worse requiring additional medical care. The trial court, affirmed by the three judge panel, granted Claimant's request finding she was in need of additional medical care. Employer seeks review of this order.

Claimant testified at trial that she returned to work after her injury. She was later reassigned from working the salad bar to dishwashing duties, including mopping, sweeping and other more physically demanding tasks. During this time the pain in her lower back increased, particularly while doing heavy lifting.

Claimant's physician, Dr. K., testified through deposition and report. It was his opinion Claimant suffered a change of con-

dition for the worse which would likely continue to deteriorate in the future. It was also his opinion she was in need of further care.

Employer argues Dr. K.'s report is incompetent as not complying with Rule 25 of the Rules of the Workers' Compensation Court, 85 O.S.1981 Ch. 4, App. 1. Rule 25 deals with a motion to reopen for change of condition. It states:

"The physician's medical report or testimony at the subsequent trial must show that said physician was either the attending or examining physician at the time of the previous award or that the physician has personal knowledge of claimant's condition at that time, or it must show that the physician has examined reports, x-rays and any other medical data referring to claimant's condition at the time of the previous award."

Dr. K. was not the attending physician at the time the previous award was ordered. He does state in his deposition that he examined Claimant's prior records. However, his further testimony on cross-examination is unclear as to the extent of this examination.

Neither *Barnard v. Public Service Company of Oklahoma*, 394 P.2d 534 (Okla. 1964), nor *National Zinc Company v. Thomas*, 554 P.2d 1 (Okla.1976), cited by Employer, deal with requests for further medical care. These two decisions question awards of additional benefits based on a change of condition. Herein Claimant is not seeking benefits for temporary or permanent disability. She only requests medical treatment, as she is still suffering from the previous injury.

In *Depue v. Barsh Truck Lines*, 493 P.2d 80 (Okla.1972), as here, the claimant filed a motion to reopen upon change of condition for additional medical only. The Court held the claimant was entitled to receive additional medical treatment under the provisions of 85 O.S.1971 § 145 during the time his benefits for disability would be accruing. The Court alluded to its previous holdings in *McMurtry Bros. v. Angelo*, 139 Okla. 236, 281 P. 964 (1929), and *Orrick Stone Co. v. Jeffries*, 488 P.2d 1243 (Okla.1971) that disability benefits and medical treatment afford different types of relief under the Workers' Compensation Act and are independent of each other.

It is not necessary for the Workers' Compensation Court to find a claimant has had a change of condition necessitating an additional award of disability in order for it to find she is in need of additional medical care at the expense of the employer and its insurance carrier. *See City of Frederick v. Elmore*, 587 P.2d 1365 (Okla.1978). The question of whether medical treatment is necessary for an injured worker is a question of fact for determination of the trial tribunal. *Iwunoh v. Maremont Corp.*, 692 P.2d 548 (Okla.1984). There is competent evidence in the record to support its finding.

ORDER SUSTAINED

HUNTER, P.J., and MacGUIGAN, J., concur.