**H.R. HILL TRUCKING CO. and the State Insurance Fund, Petitioners,**

v.

**Dennis HILBURN and Workers' Compensation Court, Respondents.**

No. 88121.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 15, 1997.

Hansen, P.J., dissented.

---

David Custar, Oklahoma City, for Petitioners.

Roger B. Hale and Phillip D. Ryan, Oklahoma City, for Respondent.

JOPLIN, Judge.

Petitioners H.R. Hill Trucking Co. and the State Insurance Fund (collectively, Employer) seek review of an order of a three-judge panel, modifying the order of the trial court denying the motion to reopen by Respondent Dennis Hilburn (Claimant), by which the appellate tribunal affirmed the trial court's

finding of no change of condition for the worse, but directed Employer to provide the Claimant with additional medical treatment, "if medically appropriate." Because the Workers' Compensation Court found Claimant had sustained no change of condition, we hold the Workers' Compensation Court could not as a matter of law properly award additional medical treatment, and conclude that portion of the order of the three-judge panel to that effect should be vacated.

In October 1991, Claimant sustained an on-the-job injury to his back, requiring multi-level fusion of vertebrae with associated placement of pedicle screws. In January 1994, the Workers' Compensation Court found Claimant's injury compensable, and awarded benefits for forty-four percent (44%) permanent partial disability (PPD) and a specific sum for disfigurement.

In April 1995, Claimant moved to reopen on change of condition for the worse, and subsequently underwent evaluation by a court-appointed independent medical examiner (IME). At trial, Claimant introduced the medical report of Dr. Williams, who found Claimant had sustained a change of condition for the worse, that Claimant was again temporarily and totally disabled, and that Claimant needed additional medical treatment in the nature of an orthopedic evaluation of his back.

In opposition, Employer introduced the medical testimony of Dr. Pettigrew and Dr. Schoenhals, the IME. Dr. Pettigrew found Claimant had sustained no change of condition for the worse. Dr. Schoenhals found that by "subjective" complaints, Claimant reported a change of condition for the worse, but Dr. Schoenhals opined that Claimant would probably not reap any medical benefit from removal of the "hardware" implanted at the time of Claimant's earlier fusion surgery.[1]

■ Based specifically on the report of the IME, the trial court found Claimant had sustained no change of condition for the

---

1. As a factual matter, the only medical evidence speaking to the issue of "hardware removal" was the deposition testimony of Dr. Schoenhals, who equivocated on the appropriateness of such a procedure, rather characterizing the procedure as "optional" with questionable value in Claimant's case.

worse and denied Claimant's motion to reopen. On Claimant's appeal to a three-judge panel, the appellate tribunal held:

> THAT, although Claimant has not sustained a "change of condition for the worse" in law; nevertheless the [Employer] shall provide the [C]laimant with hardware removal, if medically appropriate.

Employer now appeals, alleging error of law by the three-judge panel in ordering additional medical treatment in the nature of "hardware removal" when the Workers' Compensation Court specifically found Claimant had sustained no change of condition for the worse.

■ Employer correctly points out that upon an adjudication of permanent disability, a claimant's right to receive medical treatment "ceases by operation of law." *Bill Hodges Truck Co. v. Gillum,* 774 P.2d 1063, 1066 (Okla.1989). Thereafter, a claimant may obtain further medical attention "only upon establishing recurrence of the post-award healing period in a reopening proceeding under" 85 O.S.1991 § 28. *Bill Hodges Truck Co.,* 774 P.2d at 1066.

■■ However, the Workers' Compensation Court, "contemporaneously with and as a part of an order awarding permanent total disability, may award medical treatment and care for as long a time as it may be needed." *Orrick Stone Co. v. Jeffries,* 488 P.2d 1243 (Okla.1971) (syllabus by the Court). Thus, Oklahoma law recognizes two avenues available to obtain medical care beyond the statutory period provided for medical treatment *or* after an adjudication of permanent disability: (1) a request for future medical treatment at the time of the adjudication of permanent disability, or (2) a reopening proceeding under 85 O.S. § 28.

Notwithstanding these authorities, Claimant argues that at least one prior decision of the Oklahoma appellate courts has recognized that a claimant need not prove a change of condition for the worse in order to qualify for additional medical treatment. *Western Sizzlin' v. Kelly,* 775 P.2d 301 (Okla. App.1989). In *Western Sizzlin',* claimant settled her claim for on-the-job injury with the employer, and "as a part of the settle-

ment, the parties agreed that in the event a change of condition occurred, then the settlement order could be reopened and reviewed as provided by law." 775 P.2d at 301. Claimant later "filed a motion to reopen alleging she had sustained a change of condition for the worse requiring additional medical care [and] [t]he trial court, affirmed by the three judge panel, granted Claimant's request finding she was in need of additional medical care." *Id.* Employer appealed, and this Court, after recognizing "that disability benefits and medical treatment afford different types of relief under the Workers' Compensation Act ... independent of each other," held:

> [I]t is not necessary for the Workers Compensation Court to find a claimant has had a change of condition necessitating an additional award of disability in order for [the Workers' Compensation Court] to find [claimant] is in need of additional medical care at the expense of employer.

*Western Sizzlin',* 775 P.2d at 302.

■ In this particular, however, and in the absence of specific reservation of the issue of future medical treatment in the final order awarding benefits for permanent disability, we read nothing in *Western Sizzlin'* which authorizes an award of additional medical treatment unless (1) the claimant has properly commenced a proceeding to reopen the case under 85 O.S. § 28 and (2) the Workers' Compensation Court *adjudicated a change of condition for the worse.* Rather, we read *Western Sizzlin'* consistently with *Bill Hodges Truck Co.:* so long as the Workers' Compensation Court adjudicates a claimant as having sustained a *change of condition for the worse on a motion to reopen,* the Workers' Compensation Court need *not* find that the claimant has sustained additional *disability* as a condition precedent to an award of *additional medical treatment.*

In the present case, the Workers' Compensation Court awarded Claimant benefits for 44% PPD in October 1991, that order contained no provision for future medical treatment or care, and the order became final upon the parties' failure to appeal within the statutory period. Thus, re-opening proceedings stood as the only avenue left to Claim-

ant to obtain further relief, including additional medical treatment. Claimant indeed moved to reopen on change of condition for the worse, but the trial court found Claimant had *not* sustained a change of condition for the worse, a three-judge panel affirmed that determination, and neither party appeals from that factual determination. In the absence of an adjudicated change of condition for the worse, we therefore conclude the three-judge panel erred as a matter of law in directing Employer to provide additional medical treatment in the nature of "hardware removal, if medically appropriate."

The order of the three-judge panel of the Workers' Compensation Court is therefore VACATED.

BUETTNER, J., concurs.

HANSEN, P.J., dissents.