1998 OK CIV APP 59

TYSON FOODS, INC., Petitioner,

v.

Herbert C. WADE, and the Workers' Compensation Court, Respondents.

No. 90306.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 3, 1998.

J. David Wall, Fayetteville, AR, for Petitioner.

Herbert C. Wade, Broken Bow, Respondent, Pro Se.

## MEMORANDUM OPINION

CARL B. JONES, Vice Chief Judge.

¶1 The Respondent, Herbert C. Wade, sustained on-the-job injuries to his thoracic and lumbar spine on June 17, 1996, and June 26, of the same year. Consequently, Respondent was awarded 3% impairment to the body as a whole for his injuries to the thoracic spine and 8% impairment to the body as a whole for injuries to the lumbar spine. Medical treatment, temporary total disability and permanent partial disability benefits are not at issue in this cause and were not appealed to the three-judge panel. The issue brought before the three-judge panel, and reiterated in this review proceeding, is another order finding Respondent entitled to vocational rehabilitation benefits under the supervision of a vocational rehabilitation counselor for fifty-two weeks.

¶2 In the appeal to the three-judge panel, the rehabilitation order was affirmed. One judge dissented. The reason for the dissent was that the judge was of the opinion that the award was not fashioned to return the Respondent to gainful employment. The reason for this is that the award was to enable Respondent to attend the E.T. Dunlap Higher Education Center, with the ultimate goal of attaining a college degree in education. The dissenting judge pointed out that 85 O.S. Supp.1994, § 16B limits vocational training to fifty-two weeks, with the possibility of an additional fifty-two weeks extension. The dissenting judge noted (and the Respondent admitted) that the college degree could not be completed in two years, and thus the ordered rehabilitative services would not have rendered respondent fit for the work he was training for because the degree would be incomplete at the end of that period.

¶3 Petitioner contests the award of rehabilitative services here on the same ground as the dissenting member of the three-judge panel, and also on the basis that there is no evidence to support such an award. Because of the following resolution we do not reach the question of whether an educational award that does not lead to the degree necessary to practice the newly chosen employment is erroneous as a matter of law. In examining the contention that there is no evidentiary basis for the award we review the decision of the three-judge panel under the standard of review set forth in *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548, i.e., this court must sustain an award if it is supported by any competent evidence and is not contrary to law. Conversely, findings of fact are not binding on review if not supported by competent evidence. The Supreme Court in *American Management Systems, Inc. v. Burns*, stated at 1995 OK 58, ¶6, 903 P.2d 288, 291:

Whether an employee's *injury arises out of* employment—i.e., results from a risk which is reasonably connected to an assigned task—presents an issue of fact to be determined by the trial judge. Before 1986 claimants were greatly aided in the probative process by the provisions of 85 O.S.1981 § 27 which then operated to *shift to the employer* the burden of producing evidence upon the critical elements of proof. Since the repeal of § 27, that onus (both of producing evidence and of persuasion) rests entirely on the claimant who

must adduce every fact necessary to establish compensability. With the legislative elimination of § 27, *no part* of that responsibility may now be passed to the employer. It is for these reasons that *pre–1986* jurisprudence on the quantum of proof needed to support an injury's nexus to employment must be re-examined for its conformity to the present-day probative regime. [Footnotes omitted]

¶ 4 Thus, under the rules now extant, the claimant has the burden of proving his need for vocational rehabilitation benefits. Here the only testimony of an evaluation for the necessity of rehabilitation was given by Dr. R, upon the order of the trial court. That order stated the "counselor is requested to perform rehabilitation evaluation, including recommendation for vocational training plans, if appropriate." However, Dr. R testified in his deposition that he perceived his responsibility was:

A. To do a vocational evaluation.

Q. Were you determining whether or not, in your mind, whether Mr. Wade should receive vocational rehabilitation, or what rehabilitation options he had? Does that make sense?

A. I think I went in to see what vocational rehabilitation options he might have, not to determine whether he was in need of it or not.

¶ 5 Title 85 Supp.1994 O.S. § 16 A., in effect of the time of these injuries, specifically requires a finding of need of rehabilitation to be made by an expert. The statute states in pertinent part:

... If rehabilitation services are not voluntarily offered by the employer and accepted by the employee, the judge of the Court may on his own motion, or if requested by a party may, after affording all parties an opportunity to be heard, refer the employee to a qualified physician or facility for evaluation of the practicability of, need for and kind of rehabilitation services or training necessary and appropriate in order to restore the employee to gainful employment. . . .

¶ 6 The Respondent–Claimant stated in his testimony that he needed rehabilitation services. However, the statement made by Dr. R is the only *expert's opinion* even alleged to support the fact that rehabilitative treatment was necessary. The question of whether medical treatment is necessary for an injured worker is a question of fact for determination by the trial tribunal. *Iwunoh v. Maremont Corp.,* 1984 OK 8, 692 P.2d 548, 549. As this opinion has demonstrated, that expert only evaluated Claimant for "kind of rehabilitation services or training" and admitted he did not venture into the need for, and practicability of, that rehabilitative training. Consequently, there is no evidence from an expert that the rehabilitative service award is a necessity, and accordingly, there is no competent evidence to support such an award. Where there is a complete absence of competent evidence to support an award, the award must be vacated, *Parks, supra.* The rehabilitation award is vacated.

¶ 7 AWARD VACATED.

JOPLIN, P.J., and GARRETT, J., concur.