1998 OK CIV APP 142

**Bob EIDSCHUN, Petitioner,**

v.

**AIR–X CHANGERS, Cigna Insurance Company, and the Workers' Compensation Court, Respondents.**

No. 91194.

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 28, 1998.

Jack Zurawik, John F. Bates, Tulsa, for Petitioner.

R. Jay McAtee, Kristin Blue Fisher, Tulsa, for Respondents.

## OPINION

CARL B. JONES, Vice Chief Judge:

¶1 Claimant, Bob Eidschun, worked in metal fabrication for Respondent, Air–X–Changers, for nineteen years beginning in 1980. In June of 1995, Claimant began having symptoms of pain and numbness in his back, neck and arms. After trying physical therapy, Claimant saw Dr. E., an orthopedic specialist. This examination resulted in steroid injections. After an MRI, he was referred to Dr. B., and a laminectomy was done at the L–5 level in December of 1997. In this proceeding Claimant sought temporary total disability benefits from July 1,1997, and continuing, with a last date of exposure and awareness in June, 1997. The cause came before the trial judge and Claimant was found to have sustained a work-related accidental injury as a result of cumulative trauma to his back. He was found to have been temporarily totally disabled from October 2, 1997, through the date of the trial with twenty-six weeks having been accrued at the time of trial, and not to exceed fifty-two weeks at the maximum statutory rate. The order determined that Claimant did not establish a work-related cumulative trauma or specific injury to the neck.[1]

1. The order also found that Claimant was a "hunter with a bow", and ruled that the issue of

¶ 2  Claimant brings this review proceeding directly from the decision of the trial judge, taking issue with the failure to find a work-related injury to the neck. It is maintained that the trial judge erred in finding no injury to the neck. Claimant offers error in two propositions. It is first asserted that Claimant met his burden of proof with competent medical evidence. In making this statement in the brief, Claimant asserts the report of Dr. M. stated the neck was injured in the course of employment, and that this report is competent. The second is that once Claimant made out a *prima facie* case, the burden shifted to the Respondent. The statement is made that the record is devoid of any evidence countering the fact that Claimant did sustain injury to the back and *neck*. In the conclusion of his brief, Claimant states that once he puts forth credible evidence on each element he needs to prove, and in the absence of evidence on behalf of the Respondent, Claimant should prevail. As this argument is understood, Claimant is proposing that if his evidence is credible and unopposed, he prevails.[2] As interesting as the resolution of that issue could be, this Court is not faced with that situation in this proceeding. Thus, any discussion of it would be nothing more than dicta. The evidence of a work-related neck injury is not unopposed here. Indeed, it is quite the contrary.

■  ¶ 3  Claimant refers in his brief to medical evidence from the report of Dr. M. establishing a neck injury resulting from employment. The record shows this reference to be to a letter sent to Claimant's attorney. The following is the only mention of the neck, and it is the doctor's introductory sentence/paragraph: "Please accept this supplement to my report/evaluation dated 8-5-97 concerning injuries that Mr. Eidschun sustained to his neck, back, and knees while employed by Air–X–Changers." Dr. M's original report similarly has an introductory

sentence/paragraph that reads as follows: "I examined Mr. Eidschun in my office at your request on 8-5-97 for an independent medical evaluation for job related injuries that he sustained to his neck, back, and knees while employed by Air–X–Changers." The remainder of the letter and the earlier report contain no mention of the neck. Claimant wishes these two statements to stand as a finding of on-the-job neck injury. Dr. M.'s *diagnosis* says nothing of the neck, and speaks only to the knees bilaterally and lumbosacral fascial strain. It is doubtful that these two statements constitute a finding of a neck injury on the job, but the question posed by Claimant in this review proceeding presupposes that this evidence stands unrefuted, and was the only evidence before the court on that issue, which is determined not to be the case here.

■■  ¶ 4  This court's only task in a review proceeding is to reappraise the facts to see if there is any competent evidence to support *the finding that was made. Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. The court does *not* canvass the record to determine if there was any competent evidence to *support an award,* but only to discern support for the *decision of the court.* As noted by Respondent, the record contains the report of Dr. F. In that report he states; "In consideration of the neck, I do not find any abnormalities at all and, in fact, he does not even complain of his neck to me today." Inasmuch as there is medical evidence denying *any* neck injury, there is no need to discuss the sufficiency, *vel non,* of Claimant's own testimony that he hurt his neck at work as sufficient proof, without a determination of a medical specialist, to constitute a *prima facie* case. There is competent evidence to support the order of the trial court denying an injury to the neck, and that inquiry is the only question this body is authorized to determine in this re-

apportionment of any later award for permanent partial disability should take that into account. We fail to find any reference to this activity, save Claimant's response that he had been such nine years ago. If that factor is considered, the remoteness of the activity should also be considered.

2.  This statement takes on more complexity than appears at first glance considering present views.

Does a judgment not in accord with uncontroverted testimony carry with it the presumption that the evidence was not credible (because the judgement is presumed correct)? Is uncontroverted evidence binding? If not, does the trier of fact have to state that the uncontroverted evidence was not credible to be upheld on review when the judge did not believe the testimony?

view proceeding under *Parks,* supra. Any evidence in the record, on the basis of which the trier could have reached a contrary conclusion, is of no legal effect in the process of reviewing a Workers' Compensation Court's finding. It is only in the absence of competent evidence that a trial tribunal's decision may be viewed as erroneous as a matter of law, and hence, subject to appellate vacation. *Darco Transportation v. Dulen,* 1996 OK 50, 922 P.2d 591 citing to: *Iwunoh v. Maremont Corp.,* 1984 OK 8, 692 P.2d 548; *Matter of Death of Sade,* 1982 OK 91, 649 P.2d 538, 540 (1982); *Lacy v. Schlumberger,* 1992 OK 54, 839 P.2d 157; and, *Chromalloy–American, Oklahoma Division v. Wright,* 1977 OK 93, 567 P.2d 71.

¶5 Upon review of the record, we hold there is competent evidence to support the denial of an award, and the decision of the trial judge must be sustained. Accordingly, as discussed, there is no need to examine the offered error which requested this Court to address the proffered issue that Claimant's evidence is unrefuted and thus, the trial judge was bound to rule for Claimant. The decision of the trial judge, must be, and is sustained.

¶6 SUSTAINED.

JOPLIN, P.J., and GARRETT, J., concur.