Glen E. HILL, Petitioner,

v.

CULLIGAN SOFT WATER SERVICE COMPANY, Ohio Casualty Insurance Company and State Industrial Court, Respondents.

No. 40363.

Supreme Court of Oklahoma.

Nov. 12, 1963.

Schwoerke & Schwoerke, by K. J. Schwoerke, Oklahoma City, for petitioner.

George E. Fisher, Oklahoma City, for respondents.

JACKSON, Judge.

This is an original proceeding by petitioner (claimant) Glen E. Hill for the review of an order of the State Industrial Court en banc denying him an award against respondents, employer and insurance carrier, under the Workmen's Compensation Law.

Hill was the employee of a partnership composed of himself and his wife, doing business as Culligan Soft Water Service Company. No question is raised as to the right of a partner who is also an employee of the partnership to recover compensation payments as against the partnership and its insurance carrier. The record shows that Hill had had previously compensable injuries to his back of a serious nature, and that at the time of the injury here concerned he was drawing compensation for total and permanent disability. In the instant proceeding before the State Industrial Court, growing out of an accident on February 14, 1961, he asked only for the payment of medical bills.

Hill was the only witness before the trial judge. He testified as to the details of the accident and the injury which resulted from it, and introduced in evidence a medical report which plainly and unequivocally attributes the injury to the accident. This is the only medical report in the record.

On cross examination it was shown that after the accident, Hill was treated or examined by three different doctors and was hospitalized twice. He gave no notice to the insurance carrier until December, 1961.

and he did not file his first notice of injury and claim for compensation until Jan. 25, 1962. It is conceded that he obtained medical treatment and hospitalization on his own initiative, and that the same was not authorized by the insurance carrier. However, see 85 O.S.1961 § 64(b).

The only evidence introduced by respondents consisted of Anadarko Hospital records which were introduced for the purpose of showing that over a period of years since 1954, Hill had been treated for recurrent back pain and back trouble.

The trial judge entered an order in effect finding that Hill had sustained an accidental personal injury arising out of and in the course of his hazardous employment; that as a result of the accident he was temporarily totally disabled; that he was not entitled to any compensation for the injury under the circumstances, but that respondents should pay all reasonable and necessary medical expenses.

On appeal to the State Industrial Court en banc, the order of the trial judge was vacated and an order denying any award was made, based on the following finding:

"That claimant did not sustain an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, on February 14, 1961, as alleged in his form 3 filed herein."

On review in this court, claimant Hill argues the single proposition that "The matter of an accident and injury under the evidence in this record is one of law and not of fact and since all the competent evidence in this record shows an accident and injury to the claimant the State Industrial Court erred as a matter of law in failing to find that claimant sustained an accidental personal injury arising out of and in the course of his hazardous employment on February 14, 1961."

■ This argument must be sustained. Without setting out the evidence in greater detail, it is sufficient to say that the record

before us shows conclusively and without contradiction that there was an accident and an injury arising out of and in the course of claimant's hazardous employment, and that the injury and the consequential disability were the result of the accident. It follows that the finding that there was no accidental personal injury arising out of the hazardous employment is not supported by any competent evidence.

■ In Protho v. Nette et al., 173 Okl. 114, 46 P.2d 942, this court held:

"The finding of fact of the State Industrial Commission, to be conclusive upon this court, must be supported by some competent evidence."

In Bowling v. Blackwell Zinc Company, Okl., 357 P.2d 1009, we held:

"A finding and order that claimant sustained no permanent partial disability as the result of an accidental injury will be vacated when not supported by competent evidence."

See also Hughes v. Haco Drilling Company, Okl., 340 P.2d 472, to the following effect:

"Whether an accidental injury arose out of and in the course of employment is a question of law where there is no dispute as to the facts."

■ In the answer brief, respondents cite Hackley v. Dallas Nursing Home, Okl., 372 P.2d 586, for the proposition that the State Industrial Court may weigh the evidence and pass upon the credibility of witnesses and is not required to accord credence to the greater amount of the evidence; and Black, Sivalls and Bryson v. Story, Okl., 378 P.2d 764, for the proposition that the State Industrial Court is not confined to the evidence adduced by claimant, but may consider "the record in its totality". Both of these rules are applicable in situations where there is conflicting evidence. There was conflicting evidence in the cases cited.

In that connection, respondents invite our attention to the fact that for about nine months after the date of the accident, claim-

ant was obtaining medical treatment without the knowledge or consent of the insurance carrier, and that the claim was not filed with the State Industrial Court until over eleven months after the accident. It is argued, at least by inference, that in view of the fact that the employer in this case was a partnership of which claimant was a member, the above constitutes probative evidence that "the alleged accident was an afterthought and made up out of the whole cloth". Respondents also argue that Hill's present condition is but a recurrence of the old injuries, for which he made a joint petition settlement with another insurance carrier.

■ We do not find the delay alone to be probative evidence that there was no accident, or no injury, or that claimant was not engaged in a hazardous employment. Also, it is well settled that the question of whether claimant's disability is due to a pre-existing condition or to a compensable injury is a question of fact to be determined from the testimony of medical experts. Sanders v. State Industrial Commission, Okl., 331 P.2d 478. In the instant case, the only medical evidence in the record unequivocally attributes claimant's condition to the accident upon which his claim is based. There is no medical evidence at all that it was due to the old injury. Such being true, we conclude that there is no conflicting evidence in the case before us, and the rules cited by respondents are not applicable.

This is not a claim for medical expenses based upon a change of condition subsequent to a final award for total and permanent disability, Oklahoma Planning and Resources Board v. Herren, Okl., 341 P.2d 599, but is a claim for required medical services resulting from a new and independent accident and injury occurring subsequent to the former award. The briefs of the parties and the order of the Industrial Court do not disclose any jurisdictional reasons why medical services are not authorized under the facts presented in this case.

The order of the State Industrial Court is vacated.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.