E. E. PASCHEN, Petitioner,

v.

RATLIFF CITY TRUCKING COMPANY, State Insurance Fund, and Workers' Compensation Court, Respondents.

No. 55839.

Court of Appeals of Oklahoma, Division No. 2.

Aug. 4, 1981.

Rehearing Denied Sept. 3, 1981.

Certiorari Denied Oct. 13, 1981.

Released for Publication by Order of Court of Appeals Oct. 15, 1981.

Yvonne Sparger Nichols, Schwoerke & Schwoerke, Oklahoma City, for petitioner.

Fred Nicholas, Jr. and Gary W. Sleeper, Oklahoma City, for respondents.

BOYDSTON, Judge.

This appeal by claimant is from adverse judgment of Workers' Compensation Court. Claimant alleged he suffered a job-related heart attack while lifting a heavy pipe. The judgment was appealed to the court en banc, which affirmed.

Claimant's appeal raises two issues: (1) Whether the trial court abused its discretion by ignoring a pre-trial stipulation conceding the injury was job-related; and, (2) Whether the court's ruling was supported by the evidence. We have examined the record and conclude there was no such stipulation; and, trial judge's ruling is not clearly against the weight of the evidence. Therefore, we affirm.

E. E. Paschen filed a claim alleging he suffered a job-related heart attack on July 5, 1978. Respondent filed an answer denying claimant suffered accidental injury as defined by the Workers' Compensation Act. 85 O.S.1971 § 1 et seq. Trial was held on April 3, 1980. There was wide divergence between the parties' medical reports. Re-

spondent's doctor found no evidence of heart disease and no resultant disability and claimant's doctor found a myocardial infarction plus sclerosis (hardening of arteries) with resulting 75 percent disability.

Trial judge appointed Dr. S. to make an independent examination and report under the authority of 85 O.S. 1978 Supp. § 17. Dr. S. found claimant was suffering from coronary artery disease which is in general agreement with claimant's doctor.

Prior to trial, form 10 stipulations were filed by each party. Claimant's counsel marked "X" in one of the blanks to indicate that he stipulated injury occurred and arose out of and in the course of employment. Respondent's counsel left the stipulation blank. The judge found it was not an injury which occurred and arose out of and in the course of employment. Claimant asserts the judge improperly decided an uncontroverted factual issue by ruling on this point.

■ Our understanding of stipulations is contrary to that of claimant's. Stipulations are merely evidentiary devices used to simplify and expedite trials by dispensing with the need to formally prove uncontested factual issues. The primary feature of a stipulation is that it is voluntary. We decline to approve a rule which would suggest counsel could inadvertently stipulate his client's rights away.

■ We find no significant status attaches to such a casual omission as leaving a blank space in a stipulation form. The party to be bound must have stipulated affirmatively, voluntarily and with the express intention to waive the factual proof. If claimant's counsel had any doubt concerning the import of respondent's omission, he should have called it to the court's attention for a ruling or for clarification.

Claimant next complains trial judge's findings that claimant did not suffer an injury as defined by the Act and that no causal connection existed between the episode and claimant's occupation are against the weight of the evidence.

■ The burden of proof in a workers' compensation case rests with claimant, who must establish the fact of injury and that it is job-related. *Carpenter v. Douglas Aircraft*, Okl., 420 P.2d 911 (1965). Whether an injury is "accidental" or "arose out of and in the course of employment" is a fact determination delegated to the Workers' Compensation Court. Where there is competent evidence, although conflicting, reasonably tending to support the determination of the trial court, the decision is binding and will not be disturbed on appeal. *Howland v. Douglas Aircraft Co.*, Okl., 438 P.2d 5 (1968). Trial court has the duty to weigh the evidence, determine credibility of witnesses, draw reasonable inferences and can refuse credence to any portion of testimony deemed unworthy of belief. *Loggins v. Wetumka General Hospital*, Okl., 587 P.2d 455 (1978). With this in mind, we have reviewed the evidence and find the judge's decision to be reasonably supported.

Claimant testified that on July 5, 1978, after lifting a pipe which weighed 150–200 pounds, he felt bad and went home. The next day he was hospitalized and he remained in the hospital for about a week. He gave a history at that time of having had previous chest pains. On cross-examination he verified previous trouble caused him to "just melt down" and when doing "heavy lifting and heaving . . . he could hardly hold up." Since that time, he has returned to work but sometimes takes pills for pain.

The hospital record is inconsistent with his claim of having suffered a myocardial infarction, showing no increased enzyme levels, and no ischemia. Respondent's doctor found no heart disease. Only claimant's doctor found an infarction occurred on July 5, 1978. Dr. S. agreed with claimant's doctor to the extent of finding a coronary artery disease but failed to discuss whether the "episode" of July 5 was a heart attack, whether it was job-related or whether it produced any permanent injury. We assume, as apparently did the trial judge, the episode was the product of pre-existing inadequate blood flow to the heart combined with the stressful lifting. And it should be

noted the occurrence did not produce permanent damage, as evidenced by the lack of heart muscle scars, ischemia and EKG irregularities.

We recognize hardening of the arteries may produce myocardial infarction, and the event may be triggered by work related strain which results in a compensable claim. However the disease itself is not compensable.

Claimant finally complains the report did not specifically address the job-related aspects of the disease. We note no objection was made to the report within the required time. Therefore, any objections were waived. We also observe the disease, described by Dr. S. in detail, is by nature a progressively worsening, sclerotic condition which, as a matter of common knowledge, requires many decades to develop.

Judgment of trial court is affirmed.

BACON, P. J., concurs.

BRIGHTMIRE, J., dissents.