**Elmer ZWAHLEN, Petitioner,**

v.

**B.F. GOODRICH, Respondent.**

No. 68888.

Supreme Court of Oklahoma.

May 10, 1988.

Bryce A. Hill, Frasier & Frasier, Tulsa, for petitioner.

W. Neil Wilson, Wallace, Owens, Landers, Gee, Morrow, Wilson, Watson, James & Coiner, Miami, for respondent.

SUMMERS, Justice.

Elmer Zwahlen filed a claim in the Workers' Compensation Court for loss of hearing arising out of and in the course of his employment. He filed his Form 9 on February 27, 1986 requesting an award for hearing aids and permanent disability. A medical doctor for the claimant determined that he had suffered a 13 percent binaural hearing impairment in the course of his employment. An audiologist for the claimant also reported that the claimant had suffered a 13 percent binaural hearing loss. The medical doctor for the employer determined that the claimant had suffered a 6 percent binaural work related hearing loss.

The trial judge of the Worker's Compensation Court determined that the claimant had suffered a 9.5 percent binuaral hearing loss, but denied the request for hearing aids. A three judge panel of the Workers' Compensation Court affirmed the order of the trial judge. The claimant has sought review of that order in this court.

The claimant contends that no evidence was presented to support the court's denial of hearing aids. The employer asserts that no evidence was presented that would support an award for hearing aids, and that the trial judge as a trier of fact need not give "full credit" to the claimant's evidence.

■ The medical care required to be provided by an employer to an employee is set forth in 85 O.S.1981 § 14.[1] That statute provided in part the following:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary after the injury." *Id.*

Thus, the employer is required to provide hearing aids to the claimant only if they are "necessary". In *Iwunoh v. Maremont*

*Corp.*, 692 P.2d 548, 549 (Okl.1984) the Court stated that:

"The question of whether medical treatment is necessary for an injured worker is a question of fact for determination by the trial tribunal."

A claimant in a workers' compensation case has the burden of proof to establish all of the elements essential to his claim. *Armco, Inc. v. Holcomb*, 694 P.2d 937 (Okl. 1985). An order or award for medical care must be supported by competent evidence. *Safeway Stores, Inc. v. Hart*, 550 P.2d 1327, 1330 (Okl.1976). Thus a claimant, to meet his burden of proof, must present competent evidence which demonstrates that the requested medical care is necessary.

■ Dr. L., the claimant's audiologist recommended "[h]earing aid evaluation and fitting, binaural." Dr. D. the claimant's medical doctor, stated that the claimant "may be further helped by the fitting of binaural hearing aids." The employer asserts that because the medical doctor utilized the word "may," he did not recommend hearing aids as a medically necessary treatment. Although left unstated by the employer, the necessary implication of the argument is that a doctor must state that a particular medical treatment *will* be helpful to a claimant to qualify that treatment as necessary under § 14. Requiring a claimant to present testimony from claimant's medical doctor which states that a certain result *will* occur upon a specified medical treatment, could require a physician to enter into a contract not required by the law of this state. See, *Karriman v. Orthopedic Clinic*, 516 P.2d 534, 539–40 (Okl.1973), in which it was stated that a physician is never considered as warranting a specific result from a medical treatment unless under a special contract, his contract being that he possesses that reasonable degree of learning, skill, and experience ordinarily possessed by others in the profession. The medical doctor's statement is a recommendation for hearing aids which indicates a reasonable medical necessity for their being made available.

1. The amended version now in effect states similar language. 85 O.S.Supp.1986 § 14.

The record contains a Form No. 4, Attending Physician's Report and Notice of Treatment to Employer, filed March 24, 1986, and signed by the claimant's medical doctor. There the physician unequivocally recommends hearing aids for the claimant's "lifetime". The Form No. 19 filed by the claimant's audiologist indicates that "fees for evaluation, fitting, instrument(s), and follow-up visits" as requested by the claimant's physician would total $1,300.00. These are consistent with the reports of claimant's experts offered into evidence. Those reports constitute sufficient competent evidence to establish that hearing aids are necessary, and satisfy the claimant's burden of proof on his claim for hearing aids.

Findings of non-jurisdictional fact by the Workers' Compensation Court are reviewed only for the purpose of determining if the finding is supported by competent evidence. *Parks v. Norman Municipal Hospital*, 684 P.2d 548, 552 (Okl.1984). *In Matter of Death of Sade*, 649 P.2d 538 (Okl.1982) the Court stated:

> "Evidence appearing in the record from which the finder of fact could have come to a contrary conclusion is immaterial under the law applicable to a review of Industrial Court findings." *Id.* 649 P.2d at 540.

We must review the Court's finding denying hearing aids by determining if it was supported by any competent evidence.

The evidence presented by the employer, being the report of Dr. D.H., while disputing the extent of hearing loss, did not address the issue of whether hearing aids were necessary for the claimant. In *Mayberry v. Walker's Masonry*, 542 P.2d 510 (Okl.1975), we stated the following.

> "The questioned order found medical expenses incurred by claimant were neither authorized nor necessary. In respect to whether expenses were 'necessary', the only evidence relating to this matter was the uncontroverted testimony of Dr. A.S. that this care and treatment was a necessary result of claimant's injury. Whether medical treatment is necessary for an injured workman is a question of fact for

determination of State Industrial Court. *Douglas Aircraft Co. v. Titsworth*, 356 P.2d 365 (Okl. [1960] ). *The finding that medical treatment extended claimant was unnecessary is not supported by any competent evidence.* A finding of fact which is contrary to all evidence produced will not be sustained on review. *Jake's Casing Crews v. Grant*, 451 P.2d 700 (Okl.1969)." *Id.* 542 P.2d at 512 (Emphasis added).

No evidence was offered that hearing aids were unnecessary for the claimant, and the lower court's finding is therefore contrary to all evidence produced on the issue.

That part of the order denying hearing aids for the claimant is vacated. The cause is remanded to the Worker's Compensation Court with directions to proceed in a manner consistent with this opinion.

**ORDER OF WORKERS' COMPENSATION COURT IS VACATED IN PART AND REMANDED WITH DIRECTIONS.**

DOOLIN, C.J., and LAVENDER, SIMMS, ALMA WILSON, and KAUGER, JJ., concur.

HODGES, J., concurs in result.

OPALA, J., concurs in part, dissents in part.

HARGRAVE, V.C.J., dissents.