**Jim HEFLIN, Petitioner,**

v.

**OKLAHOMA GAS & ELECTRIC COMPANY and the Workers' Compensation Court, Respondents.**

**No. 72220.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 24, 1989.

Fred L. Boettcher, Ponca City, for petitioner.

Gary D. Long, Oklahoma City, for respondents.

MEMORANDUM OPINION

GARRETT, Presiding Judge:

Petitioner Jim Heflin (Claimant) filed his Form 3 in the Workers' Compensation Court on August 11, 1987, alleging he sustained an accidental injury arising out of his employment with Respondent Oklahoma Gas & Electric Company (Employer).

He alleged he sustained injury to his neck, both arms and his hands when he fell and slid on a slick floor. On January 15, 1988, a Joint Petition was filed. On July 6, 1988, Claimant filed a Form 19, seeking medical expenses in the amount of $377.47, for services of Dr. C. On November 15, 1988, a hearing was held on the issue of the medical expenses. The trial court awarded $77.77 for Dr. C.'s services, as full, final and complete payment for all professional services to Claimant. Claimant brought this review proceeding directly from that order. The only issue to consider is whether the court's award of medical expenses was proper.

Claimant contends that the award of $77.77 is contrary to the evidence, and that there is no competent evidence to limit the award to $77.77. Attached to Claimant's Form 19 is a verified statement or "report" of Dr. C., stating, *inter alia*, that the charges set out are in compliance with Rule 26, that the charges are reasonable and in compliance with the fee schedule adopted by the Workers' Compensation Court, compliance with 85 O.S. § 14, and that the services were necessary.

Workers' Compensation Court Rule 24, 85 O.S.Supp.1987, Ch. 4, App., is identical to Rule 26 which was in effect during part of Dr. C.'s treatment. It provides:

A person, partnership, corporation or institution which is seeking to recover for health services, drugs or supplies that have been provided to the claimant, may use a verified or declared report to establish that:

(1) Such charges were based upon the rates prevailing in the community where rendered,

(2) Such services, drugs or supplies were necessary, and

(3) The notice requirements of 85 O.S. Section 14 were substantially complied with or that the treatment was otherwise authorized.

Despite the conclusory nature of Dr. C.'s verified report, we find that the requirements of Rule 24 have been met. Dr. C. performed a thermogram for which he charged $300.00. Other charges were in the nature of a back exam and follow-up visits. Apparently, the trial court intended to deduct the value of the thermogram from the total charges, with a result of an award of $77.77.

Employer submitted evidence for the purpose of disputing the necessity of the treatment of Dr. C. It consisted of a report from Claimant's attending physician, Dr. A., that he referred Claimant to Dr. C. to determine if "carpal tunnel syndrome" could be contributing to Claimant's headaches and back pain. Attached to the report was an unsigned, one-page sheet, partly in Dr. A.'s handwriting, and partly typewritten, in which he states he will refer Claimant to Dr. C. to rule out carpal tunnel. This one-page sheet is marked "Historical Only". Employer stated at the Form 19 hearing that the purpose of the report and attachment submitted by Employer is to dispute the issue of the necessity of Dr. C.'s treatment.

A claimant must meet his burden of proof of establishing all essential elements of his claim. *Zwahlen v. B.F. Goodrich,* 755 P.2d 658 (Okl.1988), citing *Armco, Inc. v. Holcomb,* 694 P.2d 937 (Okl.1985). He must present competent evidence that the medical care is necessary. Whether medical treatment is necessary is a fact issue to be determined by the trial court. See *Zwahlen v. B.F. Goodrich,* supra; *Iwunoh v. Maremont Corp.,* 692 P.2d 548 (Okl. 1984). Claimant's medical evidence, from Dr. C., is that the treatment, which included the thermogram, was necessary. Employer's medical evidence shows that Dr. A. referred Claimant to Dr. C. to rule out carpal tunnel syndrome. Although Employer contends its evidence relates to the issue of whether the thermogram was necessary, it only shows that Dr. C. referred Claimant to Dr. A. for the purpose stated. It does not mention the necessity of the thermogram, which was the precise issue being considered.

Employer calls attention to 85 O.S.1981 § 13 and § 14 which relate to a fee schedule for medical services adopted by the Court Administrator of the Workers' Compensation Court. In its briefs Employer

says the thermogram charges are not included in the fee schedule and are not sanctioned by the fee schedule. Then Employer contends the trial court took notice whether or not a thermogram is within the fee schedule, and, in effect, asks this Court to take judicial notice thereof.

We have searched the record and fail to find any record of the trial court taking judicial notice of the medical fee schedule. The trial court did say "the Court can take notice whether or not a thermogram is within the medical fee schedule", but did not say that it would be done. The order of the trial court made no specific findings in this respect. The record does not contain a copy of the medical fee schedule. It was not designated as part of the record. Neither party offered it in evidence. Even if the trial court had taken judicial notice of the fee schedule, there is nothing before this Court to show what facts were so noticed. We decline to take judicial notice of the medical services fee schedule.

There was *no* evidence that the thermogram was unnecessary. The trial court's order is not supported by any competent evidence and must be vacated. See *Zwahlen v. B.F. Goodrich,* supra, and *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984).

The order of the trial court is vacated, and this case is remanded with instructions to enter an order awarding Claimant $377.47 for his medical expenses.

VACATED AND REMANDED.

HUNTER and MacGUIGAN, JJ., concur.