PHILLIPS PETROLEUM COMPANY, Own Risk, Petitioner,

v.

Gertrude CARTER and Workers' Compensation Court, Respondents.

No. 85667.

Court of Appeals of Oklahoma, Division No. 2.

Nov. 14, 1995.

Rehearing Denied June 16, 1996.

Certiorari Denied March 27, 1996.

678

T. Shane Curtin, Wiles & Curtin, Oklahoma City, for Petitioner.

Fred L. Boettcher, Walt Brune, Boettcher Law Offices, Inc., Ponca City, for Respondent.

REIF, Judge.

Own Risk Employer seeks review of the trial court order directing Employer to "provide claimant with an under-vehicle wheelchair lift and related necessary equipment." Claimant sought a wheelchair lift that could be mounted on a van to transport the express mobility vehicle that Employer had previously provided. In the order the court noted that a prior order adjudicating a job-related injury to Claimant "established all the jurisdictional issues herein."

Employer contends that Claimant failed to meet the burden placed upon her under *Zwahlen v. B.F. Goodrich,* 755 P.2d 658, 659 (Okla.1988), to "present competent evidence which demonstrates that the requested medical care [apparatus] is necessary." Employer asserts that the fatal deficiencies in Claimant's evidence were (1) Claimant's failure to testify concerning the need for any wheelchair lift, let alone the type ordered; (2) the failure of Claimant's medical report and "prescription" for the wheelchair lift to comply with Workers' Compensation Court Rule 20, 85 O.S.1991, ch. 4, app.; and, (3) the failure of the medical report and prescription to expressly state that a wheelchair lift was "necessary" and to recommend or prescribe the particular wheelchair lift that was ordered. Claimant takes the position that (1) the issue of necessity of a medical apparatus is a question that requires expert medical evidence rather than lay testimony; and, (2) that Rule 20 applies only to medical reports relating to injury and impairment, and not to

an issue such as the necessity of an apparatus under 85 O.S.1991 § 14(A).[1]

Upon review, we hold that Rule 20 applies to *all* medical reports for use in evidence, including those that concern the need for medical equipment and apparatus. We further hold that Claimant's medical report was sufficient under Rule 20, along with other evidence, to support the award of a wheelchair lift.

"Where an ... injury necessitates the modification or substitution of an automobile in order to accommodate a wheelchair or artificial member and to restore in part a claimant's former ambulatory ability, such costs may be awarded as 'other apparatus.'" *Fidelity and Casualty Co. v. Cooper,* 382 So.2d 1331, 1332 (Fla.Dist.Ct.App.1980) (citations omitted). This rule has been followed by other courts in holding that specially equipped vans are compensable medical treatment/apparatus under statutes similar to section 14(A). *See Terry Grantham Co. v. Indus. Com'n,* 154 Ariz. 180, 741 P.2d 313 (Ct.App.1987); *see also Meyer v. North Dakota Workers' Compensation Bureau,* 512 N.W.2d 680 (N.D.1994).

Given the fact that Claimant in the instant case has been provided and uses an express mobility vehicle (similar to a motorized wheelchair) as her primary means of ambulatory ability, the addition of a lift to her van to transport the express mobility vehicle is similarly a necessary apparatus contemplated by section 14(A). As pointed out in *Rieger v. Workmen's Compensation Appeal Board,* 104 Pa.Cmwlth. 42, 521 A.2d 84, 87 (1987), "if a wheelchair is necessary, then it logically follows that minor modifications needed to facilitate the use of the appliance must also be considered a necessity." *Rieger* held that modifications to the claimant's house and van were "orthopedic appliances" and "supplies" under Pennsylvania's workers' compensation act. Accordingly, a claimant's lay testimony is not essential to establishing a need for an apparatus, such as the lift, where that need is apparent from other undisputed, attendant circumstances

---

1. Same text as 85 O.S.Supp.1994 § 14(A).

and medical evidence is offered concerning the need.

■ We must next decide what medical evidence is required on this issue. A "medical doctor's ... recommendation for [equipment or apparatus] indicates a reasonable medical necessity for their being made available." *Zwahlen*, 755 P.2d at 659. In the instant case, Claimant presented the "recommendations" of two doctors—one by declared report and one by prescription—concerning the necessity of the requested wheelchair lift. As previously noted, Employer contends that neither of these complied with Rule 20 and, therefore, they are insufficient to support the order directing Employer to provide the lift. In addressing this issue, we begin by noting that we agree with Employer's general contention that expert medical testimony that is submitted in writing must comply with the requirements of Rule 20 governing signed, verified/declared reports. However, we do not agree that a verified or declared report must address each of the seven points listed in subsection B of the rule, but only those which are applicable to the medical issue about which the physician is giving testimony or rendering an opinion. With regard to the necessity for the wheelchair lift in question, the doctors need only to have addressed subsection B(5) concerning the medical treatment, if any, which the physician recommends, in addition to signing and including a sufficient verification or declaration pursuant to subsection C. The declared report of Dr. Knight offered by Claimant met this standard, but the prescription did not, because it lacked a verification or declaration.

Concerning the evidence regarding the type of wheelchair lift that was needed, the report reflects that Claimant offered a cost estimate for an under-the-vehicle lift, a four-point tie down with three-point occupant restraint, door operators, a six-way power seat, hand controls and a wireless remote system. The cost estimate was offered in conjunction with the prescription. The record reflects that counsel for Employer made a Rule 20 objection concerning the prescription, and a probative value objection regarding the cost estimate. In view of the fact that no hearsay objection was made, it was not error to admit Claimant's cost estimate and to give it weight in determining Claimant's need. We note that the cost estimates offered by Employer were similarly admitted without a hearsay objection. Employer's cost estimates also contained an opinion that a less expensive bumper-mounted lift would be sufficient for Claimant's needs. However, it does not appear that the persons who prepared either of the cost estimates knew the exact type of van Claimant owned.

■ In deciding whether the trial court properly authorized an under-the-vehicle wheelchair lift, as opposed to a bumper-mounted lift, we must allow for the trial court to weigh the type of equipment set out in each of the cost estimates, in light of the medical evidence of Claimant's condition, in deciding which lift she needed. In review of a decision concerning the necessity of certain equipment, claimant's evidence must be liberally construed in her favor, because she is entitled to all reasonable inferences that can be drawn from the evidence. *Crouch v. West Virginia Workers Comp. Comm.*, 184 W.Va. 730, 403 S.E.2d 747, 750–51 (1991) (holding a van specially equipped to accommodate a wheelchair was an "approved mechanical appliance"). Additionally, it is the employer's burden to have a claimant explain accessories whose necessity may be questionable. *Edgewood Boys' Ranch Found. v. Robinson*, 451 So.2d 532 (Fla.Dist.Ct.App.1984) (upheld an order for a specially equipped van). An order to provide the special equipment set forth in a claimant's cost estimate will be upheld so long as the cost estimate is not excessive on its face. *Id.*

■ Employer in the instant case offered both expert medical evidence and technical/cost estimate evidence to support its contention that Claimant may not need the lift at all, or at least did not need the lift reflected in her cost estimates. This evidence was indeed compelling and presented a sharp conflict for the trial court to resolve. However, the issue of the necessity of medical treatment or equipment is a question of fact for determination by the trial tribunal. *Zwahlen*, 755 P.2d at 659 (citing *Iwunoh v. Maremont Corp.*, 692 P.2d 548, 549 (Okla. 1984)). *Zwahlen* and *Iwunoh* both cite *Mat-*

*ter of Death of Sade*, 649 P.2d 538, 540 (Okla.1982), for the principle that evidence appearing in the record from which the finder of fact could have come to a contrary conclusion is immaterial upon the review of findings in a workers' compensation case. An appellate court is not to weigh the evidence, but rather is confined to ascertaining if there is any competent evidence reasonably tending to support the trial court's factual determinations. Claimant's expert medical evidence and cost estimate are such competent evidence and, therefore, the award of the wheelchair lift is SUSTAINED.

TAYLOR, P.J., and BOUDREAU, J., concur.