1998 OK CIV APP 73

### Don COZART, Petitioner,

v.

### The SPECIAL INDEMNITY FUND and the Workers' Compensation Court, Respondents.

#### No. 900942.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 5, 1998.

---

Fred V. Monachello, Tulsa, for Petitioner.

Georgiana Peterson, Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, for Respondents.

## MEMORANDUM OPINION

ADAMS, Judge.

¶ 1  After a 1993 injury to his back, legs, hips and shoulders which resulted in a determination of fifty per cent permanent partial disability to his body as a whole, Claimant Don Cozart filed a claim for benefits for permanent total disability or in the alternative material increase against the Special Indemnity Fund (Fund). Claimant alleged that he was a "physically impaired" person at the time of his 1993 injury by reason of two prior adjudicated injuries to his left foot and back and an "obvious and apparent" disability to his back manifested by a limp in his right leg. After trial, the trial court entered an order which combined only the two adjudicated injuries with the 1993 injury, found a nine per cent material increase as a result of the combination, found Claimant was not permanently totally disabled, and awarded benefits based upon the material increase. The order was silent concerning Claimant's alleged prior obvious and apparent back disability.

¶ 2  Claimant sought appellate review of that order. Another division of this Court vacated that order and remanded the case, directing the trial court to make appropriate findings concerning the existence or nonexistence of the allegedly obvious and apparent back disability and consider the effect of that disability if the trial court determined it existed. On remand, the trial court made a specific finding that no obvious and apparent disability existed at the time of the 1993

injury as argued by Claimant, and entered the same award as before.

¶3 In this review proceeding, Claimant challenges that order on two grounds. First, he argues that the trial court's order finding that he did not have, at the time of his 1993 injury, an obvious and apparent disability to his back, as manifested by a right leg limp, is not supported by any competent evidence. Second, he argues that the finding of no permanent total disability is similarly unsupported by any competent evidence. We address the issues in that order.

## OBVIOUS AND APPARENT DISABILITY

¶4 At the outset, we must note that our standard of review on this issue is not the "any competent evidence" standard. Whether a workers' compensation claimant is a physically impaired person within the meaning of the Workers' Compensation Act presents a fact question to be determined from all the evidence. *Special Indemnity Fund v. Osborne*, 1954 OK 191, 272 P.2d 392. We are required to make an independent review of facts to determine whether a claimant is a physically impaired person as defined in 85 O.S.Supp.1993 § 171. *Special Indemnity Fund v. Estill*, 1997 OK 99, 943 P.2d 606.

¶5 Under 85 O.S.1991 § 171, Claimant's preexisting back disability, which arose out of a 1979 injury which necessitated back surgery, might arguably be used in his claim against Fund if it resulted in the loss of the use or partial use of a member such as is "obvious and apparent from observation or examination by an ordinary layman."[1] In *Special Indemnity Fund v. Scott*, 1982 OK 110, ¶11, 652 P.2d 278, 280, the Court held as follows:

A previous unadjudicated impairment may be established either by lay or medical testimony. *Special Indemnity Fund v. Roberts*, 356 P.2d 561, 563 (Okl.1960). The requirement that the impairment be obvi-

ous and apparent to a layman is established (1) when the condition itself is obvious and apparent or (2) when the condition is manifested by constant, everyday conduct or movement which demonstrates a *pronounced* physical defect or impairment. (Emphasis added.)

¶6 Claimant essentially argues the evidence in this record requires a finding that he had an obvious and apparent partial loss of use of his back because his testimony and that of a long time friend that he limped after the 1979 injury is not directly refuted by any evidence from Fund. This argument overlooks Claimant's burden of proof on this issue, and the importance of the trial court's role in assessing credibility. Claimant testified that he limped "a little" after the 1979 back surgery but that his limp dramatically increased after the 1993 injury. He offered no evidence concerning how pronounced his limp was immediately prior to the 1993 injury. His friend testified that he had known Claimant for over twenty years and that he had a limp after the 1979 surgery and just never "quite recovered." The friend did not testify concerning how pronounced Claimant's limp was after that surgery or the extent of Claimant's limp at the time of the 1993 injury. The pronounced nature of the limp has more significance in this case because of Claimant's allegation that the limp was a manifestation of the loss of use of another part of his body, his back.

¶7 The dissent contends that even if the presence of an obvious and apparent disability was not established precisely by the evidence, such an inference could reasonably be drawn. Therefore, according to the dissent, we are required to draw that inference because "the claimant's evidence must be liberally construed in [his] favor because [he] was entitled to all reasonable inferences which could be drawn from the evidence," citing *Phillips Petroleum Company v. Carter*, 1995 OK CIV APP 138, 914 P.2d 677.

---

1. Because we sustain the trial court's determination that there was no obvious and apparent disability or loss of use, we need not consider whether the trial court should have considered only the impairment to the leg, a member, as a result of the back injury or the impairment to the body as a whole as result of the back injury, inasmuch as the back may not be a member. *See Special Indemnity Fund v. Figgins*, 1992 OK 59, 831 P.2d 1379.

■ ¶ 8 We reject such a concept which tilts the scale of justice in Claimant's favor. *Phillips*, even if it were binding precedent, does not establish such a broad rule.[2] It held only that a claimant's evidence concerning the necessity of certain medical equipment is entitled to such a preferential view. Moreover, *Phillips* cited no Oklahoma authority for such a proposition. Nor is such a preferential treatment of Claimant's evidence authorized by the general rule that the *Workers' Compensation Act* is to be construed liberally in favor of the Claimant, as suggested by the dissent. This rule governs interpretations of the *statutory language* which governs workers' compensation claims. Since the Legislature specifically removed all evidentiary presumptions which previously existed under our prior workers' compensation law, neither side of these cases is generally entitled to have the evidence viewed with any bias in its favor.

¶ 9 Based on our independent review of the evidence and considering the trial court's superior opportunity to evaluate the credibility of the witnesses, we conclude Claimant did not sustain his burden of demonstrating that prior to the 1993 injury, his limp constituted a "constant, everyday conduct or movement which demonstrate[d] a pronounced physical defect or impairment" as required by *Special Indemnity Fund v. Scott*, 1982 OK 110 at ¶ 11, 652 P.2d at 280.[3]

### PERMANENT TOTAL DISABILITY

■ ¶ 10 Claimant argues that because his evidence established he cannot work, the trial court's finding that he was not permanently totally disabled is unsupported by any competent evidence. The trial court received medical evidence from Fund which, if believed, established that Claimant was not totally disabled as that term is used in our statutes. Claimant has not demonstrated how that evidence was not competent. The trial court's finding that Claimant was not permanently totally disabled is supported by competent evidence, and we may not disturb it.

### CONCLUSION

¶ 11 As to the issue for which it is required, our independent review of the evidence leads us to the same conclusion reached by the trial court, *i.e.*, that Claimant's alleged back disability was not obvious and apparent prior to the 1993 injury. The trial court's order is otherwise supported by competent evidence and is not contrary to law. The trial court's order is sustained.

SUSTAINED

BUETTNER, P.J., concurs.

HANSEN, J., dissents with separate opinion.

. HANSEN, Judge, dissenting:

· ¶ 1 I dissent. The majority holds the finding—that Claimant had no obvious and apparent disability—may not be disturbed because either [1] Claimant failed to meet his burden of proving an obvious and apparent disability, *i.e.*, a *pronounced* limp at the time of his 1993 injury, *or* [2] the Workers' Compensation Court found Claimant not to be a credible witness. I am of the opinion Claimant *did* meet his burden of proof, but even if he did not, in the absence of a Workers' Compensation Court finding on either point, I would vacate that court's order.

¶ 2 I agree the Workers' Compensation Court may, under appropriate circumstances, refuse to give credence to evidence before it, *Bittman v. Boardman Co.*, 1977 OK 32, 560 P.2d 967, or find a claimant has failed to meet its burden of proof. *Paschen v. Ratliff City Trucking Co.*, 1981 OK CIV APP 54, 637 P.2d 591. However, even if the Workers' Compensation Court made its decision on one of those bases, and that may not be

2. Apparently, the dissent attaches some significance to the fact that the Oklahoma Supreme Court denied *certiorari* in *Phillips*. That denial does not indicate approval of the holding.

3. Claimant's brief may be read to also argue that the trial court erred in not making specific findings concerning the "nature and extent of the 1979 non-adjudicated injury." Such a finding was superfluous once the trial court found there was no obvious and apparent disability from that injury in 1993, and we need not consider that argument.

determined from the record, it erred in its findings here.

¶ 3 In making its determinations, the Workers' Compensation Court must state findings of ultimate facts responsive to the issues upon which its orders are based, and its orders must be sufficiently definite to enable a reviewing court to pass intelligently on the correctness of the orders. *Boen v. State Industrial Commission*, 202 Okla. 258, 212 P.2d 457 (1949). When those elements are not present in the court's order, the reviewing court may not hypothesize about the evidence upon which the court may have relied to arrive at its decision. *Benning v. Pennwell Pub. Co.*, 1994 OK 113, 885 P.2d 652.

¶ 4 In the proceeding now before this Court, the Workers' Compensation Court tersely found "[t]hat claimant has not sustained an Obvious & Apparent injury". The majority speculates the court based its conclusion on an unstated finding that Claimant did not prove a *pronounced* impairment. If it did so, the court failed to make the necessary attendant finding to that effect. However, it is just as likely the Workers' Compensation Court improperly relied on the evidence given by Fund's medical expert, Dr. M.

¶ 5 The only evidence of record which supports the Workers' Compensation Court's determination as to obvious and apparent disability is the written report and telephone deposition of Dr. M. Dr. M. notes Claimant's 1979 injury as a matter of history. He opines Claimant has a 15% impairment to the body as a whole as a result of the injury, but further opines "this injury is not obvious and apparent and is not combinable for Special Indemnity Fund awards."

¶ 6 Fund's liability is premised upon a finding that, under 85 O.S. Supp.1993 § 172, "an employee who is a 'physically impaired person' receives an accidental personal injury compensable under the Workers' Compensation Act." The question then is whether Claimant had an obvious and apparent disability *at the time of his last injury.*

¶ 7 Claimant's last injury for § 172 purposes was in May 1993. Dr. M. acknowl-edged in his deposition that he had not seen Claimant before October 1995, which was the time he examined Claimant. Under 85 O.S. Supp.1993 § 171, the partial loss of use of a member must be such as is obvious and apparent from *observation and examination by an ordinary layman.* That observation and examination could only have been made in May 1993, *more than two years before Dr. M. ever saw Claimant.* There is no provision in the law for a retrospective medical expert opinion concerning obvious and apparent disabilities. Dr. M.'s opinion, to the effect that Claimant's disability resulting from the 1979 accident is not obvious and apparent, is therefore incompetent as a matter of law. The court erred if it relied on that opinion.

¶ 8 Fund does not suggest there is evidence positively supporting the finding of no obvious and apparent disability, but instead, in essence, asserts Claimant did not meet his burden of proving the obvious and apparent disability. The majority agrees. In fact, the *only* evidence which the court could properly consider is that submitted by Claimant.

¶ 9 Claimant testified at trial his 1979 back injury and surgery resulted in a limp favoring his right leg. He stated the limp has gotten worse. On cross-examination, Claimant testified his 1993 back injury made the limp "twice as bad as it was". He further stated he limped all the time at the time of trial, but before the 1993 accident he limped, "[j]ust a little, I mean some but not real bad."

¶ 10 Claimant called Frankie Parker as a lay witness. Mr. Parker testified he had known Claimant for thirty years and was working with him at the time of Claimant's 1979 accident. The following dialogue took place on direct examination:

Q. After the back surgery in 1979 did you observe him having a limp?

A. Yes, after he had the surgery in 1979 and everything he just never recuperated.

Q. Have you noticed any change in the limp since 1979?

A. Yes, it seems to have gotten worse.

¶ 11 Even if the evidence did not *precisely* establish the presence of an obvious and

apparent disability at the time of Claimant's latest, 1993 accident, we find such fact is established by reasonable inference from the evidence. *Phillips Petroleum Co. v. Carter,* 1995 OK CIV APP 138, 914 P.2d 677 (cert.denied).

¶ 12 In *Phillips,* the Court of Civil Appeals, in reviewing a Workers' Compensation Court decision regarding the claimant's need for certain equipment, held the claimant's evidence must be liberally construed in her favor because she was entitled to all reasonable inferences which could be drawn from the evidence. Such a holding is consistent with the well established rule that the Workers' Compensation Act is construed liberally in favor of the workers it is intended to benefit. *Garrison v. Bechtel Corp.,* 1995 OK 2, 889 P.2d 273.

¶ 13 Claimant's lay witness, Mr. Parker, testified he had known Claimant for thirty years, that Claimant developed a limp after the 1979 accident and surgery from which he never recuperated, and that he had noticed a change in the limp since 1979. Considering that evidence in the light most favorable to Claimant, it is reasonable to infer from his testimony that Mr. Parker, a family friend, had observed Claimant regularly during the period from the 1979 accident to trial and was testifying regarding that entire period.

¶ 14 A consequential inference is that Claimant developed an obvious and apparent limp after the 1979 accident that was continual until his latest injury in 1993. Claimant's testimony supports such a conclusion. Claimant's evidence thus meets the test that his pre-existing unadjudicated condition caused the loss of use of a member of the body and that the loss of use was *sufficiently pronounced* that an ordinary person could discover it. *Special Indemnity Fund v. Estill,* 1997 OK 99, 943 P.2d 606.

¶ 15 Notwithstanding this evidence, I am aware a court is not obliged to accept testimony as true merely because there is no direct testimony contradicting it, *"where it contains inherent improbabilities or contradictions which alone, or in connection with other circumstances in evidence, justify an inference that the evidence is false".* (Emphasis added). *Bittman v. Boardman Co.,*

560 P.2d at 969. See also, *Chester v. Oklahoma Natural Gas Co.,* 1980 OK CIV APP 5, 619 P.2d 1266.

¶ 16 Also relevant to the court's consideration of Claimant's evidence is the holding of the Supreme Court in *Hill v. Culligan Soft Water Service Company,* 1963 OK 254, 386 P.2d 1018:

> In the answer brief, respondents cite . . . for the proposition that the State Industrial Court may . . . pass upon the credibility of witnesses and is not required to accord credence to the greater amount of the evidence; and . . . for the proposition that the State Industrial Court is not confined to the evidence adduced by the claimant, but may consider "the record in its totality". Both of these rules are applicable in situations where there is *conflicting evidence.* . . . (Citations omitted)(Emphasis added).

¶ 17 There is no *conflicting* evidence here. The only evidence offered by Fund on the issue of obvious and apparent disability is incompetent as a matter of law. Further, the Workers' Compensation Court made no finding that Claimant's evidence was *inherently improbable, or that it was contradictory,* and the majority makes no suggestion to that effect either. Rather, the majority improperly hypothesizes the Workers' Compensation Court decided Claimant failed to prove he had a *pronounced* limp in 1993.

¶ 18 *Even if* an appropriate rationale for the Workers' Compensation Court's determination is either that the court did not believe Claimant, or that the court found Claimant's proof fatally lacking, the order should nonetheless be vacated. *If* the Workers' Compensation Court made its decision for one, or both, of those reasons, then Claimant's credibility and/or Claimant's burden of proof became *determinative issues* in the case and the court erred by failing to make the requisite findings as to those issues.

¶ 19 As the Court of Civil Appeals held when it remanded this case to the Workers' Compensation Court in Appeal No. 88,816, the latter court "must include in its orders findings of ultimate facts which are responsive to issues raised, as well as conclusions of

law upon which an order is based." See, *Bama Pie, Inc. v. Roberts,* 1977 OK 100, 565 P.2d 31. *If* the Workers' Compensation Court made its determination for the reasons suggested by the majority, those issues were raised, either by the parties or by the court *sua sponte,* and specific findings of fact were required.

¶ 20  The Workers' Compensation Court made no findings regarding Claimant's credibility or his failure to meet his burden to prove an obvious and apparent disability. Such findings are of even greater importance where, as here, there is *no competent conflicting evidence,* and the evidence is *not improbable* and *not self-contradictory.* Findings with respect to credibility and burden of proof have certainly been entered by the Workers' Compensation Act. See, *e.g., Treat v. McDonald's,* 1993 OK CIV APP 89, 854 P.2d 393 (WCC found claimant was not a credible witness); *Pallesen Const. Co. v. Warren,* 1965 OK 74, 402 P.2d 256 (WCC found evidence insufficient to determine compensation due for TTD); *Parsons v. State Industrial Court,* 1962 OK 125, 372 P.2d 27 (WCC found evidence insufficient to show PPD), and *McDaniel v. Douglas Aircraft Co.,* 200 Okla. 221, 192 P.2d 651 (1948) (WCC found "testimony introduced is insufficient to prove that the claimant sustained an accidental personal injury").

¶ 21  In view of the circumstances and the foregoing cited law, I would vacate the Workers' Compensation Court order for the reason that Claimant established that he had an obvious and apparent disability to his leg, as manifested by the limp, which was *sufficiently pronounced,* at the time of his latest compensable injury, that an ordinary person could discover it. *Special Indemnity Fund v. Estill,* 943 P.2d at 609. Claimant's testimony and evidence did not contain "inherent improbabilities or contradictions." The Workers' Compensation Court should be directed to enter an order finding he sustained an obvious and apparent disability as a result of his 1979 accident and to enter a finding as to the degree of disability arising from that disability. At the least, the order should be vacated because it does not include the necessary findings on determinative issues to allow intelligent review.